SIAMAK VAZIRI, ESQ. [SBN 242447]
STEFANO G. FORMICA, ESQ. [SBN 241958]
VINCENT J. CARTER, ESQ [SBN 208899]
VAZIRI LAW GROUP APC
5757 Wilshire Blvd, Suite 670
Los Angeles, CA 90036
Telephone:   (310) 777-7540
Facsimile:    (310) 777-0373

ATTORNEYS FOR PLAINTIFF,
TAMARA BONILLA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF AARON BONILLA BY AND THROUGH HIS PERSONAL REPRESENATIVE TAMARA BONILLA AND TAMARA BONILLA, INDIVIDUALLY; | Case No. |
| | COMPLAINT FOR WRONGFUL DEATH |
| Plaintiffs, | DEMAND FOR JURY TRIAL |
| v. | |
| COUNTY OF MERCED, SHERIFF'S DEPARTMENT, COUNTY OF MERCED DEPARTMENT OF CORRECTIONS; SHERIFF VERNON H. WARNKE and DOES 1 through 50, inclusive; | |
| Defendants. | |

COMES NOW Plaintiff TAMARA BONILLA, individually, and shows this honorable court the following:

## JURISDICTIONAL ALLEGATIONS

1. This is a civil rights wrongful death/survival action arising from Defendants' failure to provide for prisoner-Decedent's reasonable security, and failure to comply with court orders and other legal obligations occurring in Merced County, California, resulting in the death of Aaron Bonilla on June 11, 2017.

This action is brought pursuant to 42 U.S.C. §§ 1983, 1985 and 1988, the Fourth, Eighth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions. Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367 to hear and decide claims arising under state law. The court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

2. As the incidents complained of in this action occurred in the County of Merced, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3. Plaintiff TAMARA BONILLA brings this action against the COUNTY OF MERCED, SHERIFF'S DEPARTMENT, COUNTY OF MERCED DEPARTMENT OF CORRECTIONS; SHERIFF VERNON H. WARNKE, in his individual capacity, and Does 1 through 10, inclusive.

GENERAL ALLEGATIONS

4. Decedent Aaron Bonilla, hereinafter referred to as "decedent, was a natural person who at all times complained of in this action resided in the State of California. Decedent was an inmate/detainee/prisoner (hereinafter referred to as "inmate") of the Merced County, California, Men's Central Jail at the time of the events giving rise to this litigation.

5. Plaintiff, TAMARA BONILLA is and was a natural person who at all times complained of herein resided in the State of California and was the sister and heir of Decedent.

6. Defendant COUNTY OF MERCED, hereinafter referred to as "County", is a municipal entity located within the State of California; within the territorial jurisdiction of this court.

7. Defendant SHERIFF VERNON H. WARNKE, hereinafter referred to as

"WARNKE" is, and was at all times complained of in this action, the elected Sheriff of Merced County, California. WARNKE was the final policymaker and chief policymaking official of the Merced County Sheriff's Department and was at all times complained of herein, acting under the color of state law.

8. At all times complained of herein, defendants DOES 1 through 5, inclusive, are deputy sheriffs, special officers, custodial officers, jailers, supervisors and/or final policy making officials for the Merced County Sheriff's Department, or some other type of public officer/public official, or employee acting under the color of state law, who are in some substantial way liable and responsible for, or otherwise caused or participated in, the actions complained of by the Plaintiff in this instant action.

9. At all times complained of herein, DOES 1 through 50, inclusive, were acting pursuant to their authority as deputies sheriffs, special officers, custodial officers, jailers, supervisors and/or final policy making officials for the Merced County Sheriff's Department, or some other type of public officer/public official or employee acting under the color of state law, and were acting in the course of and within the scope of their employment with their respective employers, including the County of Merced, and were acting in agreement and/or with an understanding and/or in concerted action with the other DOES, name parties and other persons to allow, condone, support, or enable the events complained of herein, including the beating of decedent5 by a group of inmates/prisoners. In doing so, DOES 1 through 5, inclusive, acted intentionally to injure decedent, or with deliberate indifference to decedent's health, safety, and federal civil rights.

10. DOES 1 through 50, inclusive, are natural persons whose identities are presently unknown to the Plaintiff, who, therefore, sues these persons by the fictitious name DOE.

11. Plaintiff will amend his complaint to show the true identities of DOES 1 through 5, inclusive, when he becomes aware of said identities.

12. Defendants DOES 6 through 10, inclusive, are inmates/prisoners at the Orange County Men's Central Jail and/or at some other jail facility and/or some other private person acting under the color of state law, who are in some substantial way liable and responsible for, or otherwise caused or participated in, the actions complained of by Plaintiff in this action, and were acting in the course of and within the scope of their employment with their respective employers and were acting in agreement and/or with an understanding and/or in concerted action, with the other DOES, named parties and other persons, to beat-up decedent. In doing so, DOES 6 through 10, inclusive, acted intentionally to injure decedent, or with deliberate indifference to decedent's health, safety, and federal civil rights.

13. DOES 6 through 10, inclusive, are natural persons whose identities are presently unknown to the Plaintiff, who, therefore, sues these persons by the fictitious name DOE.

14. In addition, at all times complained of herein, DEFENDANTS, and DOES I through 10, inclusive, were acting pursuant to, or otherwise contributed to the creation and maintenance of, and WARNKE  created and/or perpetuated and/or substantially contributed to, the customs, policies, usages and practices of the Orange County Jail/Orange County Sheriff's Department/County of Orange for, inter alia, 1) unlawfully and unreasonable torturing, beating-up and otherwise using unlawful and unreasonable force on inmates/prisoners at the Orange County Jails; 2) using the "shot caller" system to supervise the Orange County Jails (a system of self-governance among inmates that involved threats and physical violence, administered by various "reps" - so called "representatives" of the various ethnic groups within each tank or cell);

3) allowing the inmates/prisoners to torture, beat-up, and otherwise use unlawful and unreasonable force on inmates/prisoners at the Orange County Jails, by maintaining a policy of nonintervention, known to inmates/prisoners of the Men's Central Jail, in physical attacks by inmates on inmates, including the beating of Plaintiff by a group of inmates/prisoners alleged herein, with deliberate indifference to Plaintiffs health, safety, and federal civil rights; 4) deliberately failing to have fixed video monitoring camera and recorders in certain areas of the Orange County Jails, to ensure/help ensure the safety of inmates; 5) failing to stop/or encouraging the beatings of inmates; 6) failing to house inmates/prisoners who are sentenced separately from detainees awaiting arraignment or trial; 7) being indifferent to the safety of the inmates/prisoners at the Orange County Jails, including actually seeing, hearing or otherwise knowing that an inmate/prisoner is actually or will actually be beaten-up, and making no effort to protect the inmate/prisoner who is or is going to be beaten-up; 9) conducting patrols of the holding tanks only once every sixty minutes; 10) assigning a single deputy/guard/other officer to watch, monitor, and run each module within the jail (when each module contains four to six, or more, tanks, and some tanks contain almost seventy inmates); 11) failing to discipline and tolerating and acquiescing in those policies, customs, usages and practices of the Orange County Sheriffs Department and said agency's Jails, by knowing about the usual and reoccurring instances of beating and torture of inmates of the Orange County Jails and failing to take any corrective measures, and/or being in a position that said defendants should reasonably have known about the usual and reoccurring beating and torture of inmates at the Orange County Jails and failing to take any corrective measures.

15. In addition to the above and foregoing, all of the individually names defendants to this action, including said DOE defendants, acted pursuant to an

agreement and understanding to deprive the DECEDENT of his constitutional rights as described below or, with deliberate indifference, to permit injury to come to DECEDENT in violation of his constitutional rights; all in violation of 42 U.S.C. §1983.

16. Said agreement/understanding/plan/scheme/joint action/concerted action, above-referenced, was a legal cause of the violation of DECEDENT's constitutional rights, as set forth below.

17. Said policies and practices of the County of Orange/Orange County Sheriff's Department, above-described, was a legal cause of the violation of DECEDENT'S constitutional rights, as set forth below.

18. Doe Defendant deputies and/or civilian employees and agents were at all times mentioned herein, charged by law with the supervision, care, security, and safety of inmate Aaron Bonilla, and were responsible for ensuring that his constitutional and statutory rights were not violated. It was the duty and responsibility of these Doe Defendants to supervise, monitor and protect inmates under their supervision and control; to properly classify and house inmates, to ensure inmates did not harm other inmates; to maintain safety and security in the jail; to not use unnecessary force on inmates; to protect inmates from excessive use of force by other deputies; and, to report deputy wrongful conduct that results in the infliction of unwarranted force or violence against an inmate.

19. The COUNTY is a public entity and is sued under state law, the California Tort Claims Act, Cal. Gov. Code § 910 et seq., for the acts and omissions of public employees/agents Does 1 - 10, and each of them, who at the time they caused Plaintiffs' injuries and damages, were duly appointed, qualified and acting officers, employees, and/or agents of COUNTY and LASD and acting within the course and scope of their employment and/or agency.

20. Plaintiff timely and properly filed tort claims pursuant to Cal. Gov. Code § 910 et seq. on December 6, 2017 and December 11, 2017, Defendants denied the claim on December 15, 2017, and Plaintiff has complied with the state claims statute and as to all state claims, this action is timely filed in accord with state law.

## FIRST CLAIM FOR RELIEF FOR VIOLATION OF 42 U.S.C. SECTION 1983 AGAINST INDIVIDUAL DOE DEFENDANTS

21. Plaintiffs incorporate by reference herein paragraphs 1-20 above and all paragraphs following this first cause of action, as though fully set forth.

22. This action is brought under Title 42 U.S.C. § 1983, and on the Eighth Amendment of the United States Constitution and pursuant to the general laws of the State of California. Plaintiffs allege that the conduct of each of these Doe Defendants deprived DECEDENT of his constitutional right and caused him to suffer grievous harm and physical injuries while in Defendants and Doe Defendants custody.

23. Doe Defendants 1-10 ignored or turned a blind eye to their special legal and professional responsibility to ensure proper classification and housing for DECEDENT, they ignored or failed to ensure his security and to ensure his protection; they failed to follow policies and procedures regarding classification and housing for inmates such as DECEDENT, and were trained and knew or should have known that failure to do so could and/or would lead to the assault, serious injury, or even death of DECEDENT.

24. Doe Defendants 1-10 ignored these duties and responsibilities knowing that they had an affirmative duty to protect DECEDENT while under their custody, and they acted with deliberate indifference to DECEDENT 'S constitutional right to reasonable security while in custody.

25. As a legal cause of Doe Defendants 1-10 actions and/or inactions, ignoring the

Court's admonishment, ignoring their duties and responsibilities to provide adequate and appropriate classification and housing accommodations, their failure to provide reasonable security and their deliberate indifference to DECEDENT 'S right to reasonable security, DECEDENT was assaulted and beaten to death.

26. As a legal cause of Doe Defendants 1-10 actions and inactions, DECEDENT suffered serious and cruel unusual punishment and physical pain and anguish before his death. Plaintiffs Tamara Bonilla was deprived of her constitutional rights to familial relationship.

27. The Estate of Aaron Bonilla claims damages as a survivor action under federal law and claims as damages for the loss of his right to life and of the injuries, pain and emotional anguish and trauma he suffered prior to his death.

28. As a legal cause of Defendants' and Doe Defendants' actions and/or inactions and deliberate indifference to the constitutional rights of Plaintiffs, Tamara Bonilla suffered loss of society, comfort, companionship, solace, assistance, love, affection, financial support, services of her brother and incurred burial and funeral expenses, and suffered and continue to suffer these damages.

29. By virtue of the provisions of 42 U.S.C. Section 1988, Plaintiffs are entitled to and demand an award of reasonable attorneys' fees and costs according to proof.

30. Each individual Defendant and Doe Defendant acted recklessly or with callous indifference to DECEDENT 'S right to reasonable security and to Plaintiffs' constitutional rights and should be assessed punitive damages.

\\
\\
\\
\\

SECOND CLAIM FOR RELIEF AGAINST COUNTY AND SHERIFF VERNON H. WARNKE FOR CUSTOM, POLICY AND/OR PRACTICE CAUSING CONSTITUTIONAL VIOLATIONS.

31. Plaintiffs incorporate by reference herein paragraphs 1-30 above and all paragraphs following this second cause of action, as though fully set forth.

32. At all times herein mentioned, Defendants COUNTY, VERNON H. WARNKE and Does 1 - 10, and each of them, maintained customs or practices that posed a substantial risk of serious harm to inmates in DECEDENT'S situation and each defendant knew that the following custom, policies or practice posed this risk of harm.

(1) improper classification and housing of inmates;

(2) failure to protect inmates who have provided information to law enforcement that implicated co-defendants and/or other individuals in custody;

(3) failure to properly classify prosecution witness inmates and their other co-defendants understanding that they all have legal access to paperwork created by police and district attorney investigators.

(4) failure to provide reasonable security and/or prevent abuse of inmates by other inmates;

(5) failure to supervise, investigate and take corrective actions in incidents of failure to provide reasonable security resulting in inmate-on inmate violence;

(6) condoning lax supervision of incidents of deputies' use of unreasonable force on inmates;

(7) condoning lax supervision by line supervisors who fail to report or investigate deputies and supervisors who fail to provide reasonable security resulting in inmate on inmate violence;

(8) condoning lax supervision by line supervisors who fail to report or

investigate deputies who use excessive force on inmates;

(9) assigning deputies with known histories of misconduct including criminal conduct in accord with a LASD custom of using assignment to custody facilities as punishment for problem deputies as a way of keeping them from the public;

(10) ratifying wrongful conduct by deputies and line supervisors that result in serious injuries to inmates or deaths of inmates, civil litigation, judgments and settlements by failing to implement corrective action to prevent repetition of the wrongful conduct;

(11) inadequate staffing of custody positions to provide reasonable security to inmates;

(12) condoned, ratified, encouraged or made possible vigilante justice at MCJ which encouraged inmate on inmate violence.

33.    Plaintiffs are informed and believe and thereon allege that Defendants and Does 1 -10, each had a history and propensity for acts of the nature complained of herein and manifested such propensity prior to and during their employment and/or agency with defendants COUNTY and VERNON H. WARNKE. Plaintiffs are further informed and believe and thereon allege that these Defendants and Does 1-10, knew, or in the exercise of reasonable care should have known, of such prior history and propensity at the time such individuals were hired and/or during the time of their employment. These Defendants' disregard of this knowledge and/or failure to adequately investigate and discover and correct such facts caused the violation of Plaintiffs' constitutional rights.

34.    The above alleged customs or practices were a legal cause of Plaintiffs' injuries, and each individual Defendant and Doe 1-10 acting in accord with these customs or practices acted with deliberate indifference to the needs of persons such as DECEDENT, who was in the custody, control and care of Defendants.

THIRD CLAIM FOR RELIEF AGAINST DEFENDANT WARNKE AND DOES 1-10 IN THEIR PERSONAL CAPACITY, FOR FAILURE TO TRAIN AND SUPERVISE CAUSING CONSTITUTIONAL VIOLATIONS

35.     Plaintiffs incorporate by reference herein paragraphs 1-30 above and all paragraphs following this second cause of action, as though fully set forth.

36.     DOES 1-10 are sued in their individual and personal capacity as supervisors of the line officers on duty at the time of this incident, and for their ongoing duties as supervisors responsible for the safety and security of inmates in the County Jail.

37.     Sheriff WARNKE is sued in his individual and personal capacity. Before June 11, 2017, WARNKE knew or reasonable could have known, of his subordinates' ongoing constitutional violations, the failure to provide reasonable security at the jail, failure to prevent inmate on inmate violence, failure to monitor inmates, use of excessive force on inmates, failure to investigate incidents of involving violence, failure to protect and WARNKE failed to act to prevent them and he acquiesced, condoned or ratified a custom, practice or policy of ongoing misconduct by his subordinates. WARNKE is sued in his individual capacity for his own culpable action or inaction in the training, supervisor, or control of his subordinates, or for his acquiescence in the constitutional deprivations as alleged herein, or conduct that showed a reckless or callous indifference to the rights of inmates such as DECEDENT by implementation of policies, rules or directives WARNKE 's actions and/or inactions set in motion a series of acts by others, which he knew or reasonably should have known, would cause others to inflict the constitutional violations alleged herein.

38.     Plaintiffs are informed and believe and thereon allege that prior to the incident alleged herein, on or before 1997, and subsequent hereto, BACA knew or reasonably should have known, that sheriff deputies and custody personnel employed

by COUNTY, in the course and scope of their employment under color of law, committed similar acts of failure to provide reasonable security, failure to monitor inmates under their watch, abandonment of their post, ignoring inmate-on-inmate violence, deputy battery and assault of inmates, failure to report deputy battery and assault on inmates, failure to investigate deputy misconduct and violation of inmates constitutional rights, which wrongful conduct resulted in inmate-on inmate injuries and deaths and ongoing use of excessive force on inmates, and delayed or denied inmates' access to medical care.

39.     Sheriff WARNKE became aware, or should have become aware, of repeated incidents of supervisors failing to supervise subordinates who were deliberately indifferent to:

(1) the necessity to provide reasonable security to protect inmates from inmate on inmate violence;

(2) incidents of deputies using excessive force on inmates;

(3) incidents of deputies and supervisors adhering to a "code of silence" resulting in failures to report deputies' wrongful and unconstitutional conduct;

(4) incidents of condoning, ratifying, encouraging or making possible vigilante justice at MCJ which encouraged inmate on inmate violence;

(5) incidents of failing to conduct investigations or conducting shoddy investigations of incidents;

(6) ratifying wrongful conduct by deputies and line supervisors that resulted in serious injuries to inmates or deaths of inmates, civil litigation, judgments and settlements by failing to implement corrective action to prevent repetition of the wrongful conduct;

(7) incidents of failure to protect inmates who have provided information to law enforcement that implicated co-defendants and/or other individuals in custody;

(8) incidents of failure to properly classify prosecution witness inmates and

their other co-defendants understanding that they all have legal access to court testimony or paperwork created by police and district attorney investigators; and,

(9) failure to timely and promptly perform investigations into jail violence resulting in inmates death and/or serious injuries.

40.     WARNKE is sued in his personal and individual capacity as a supervisory for his own culpable action or inaction in the training, supervision, or control of his subordinates, or for his acquiescence in the constitutional deprivations which this Complaint alleges, or for conduct that showed a reckless or callous indifference to the rights of others. WARNKE 'S affirmative conduct presented in this claim involves his failure to ensure enforcement of policies, rules, or directives that set in motion a series of acts by others which he knew or reasonably should have known, would cause others to inflict the constitutional injury to DECEDENT and Plaintiffs.

41.     As a result of WARNKE 's actions and/or inactions and/or policies are themselves a repudiation of constitutional rights and are the moving force of the constitutional violations, and the above policies, practices and customs were in force on or about June 2017, and were the moving force of Does 1-10 unconstitutional conduct and deliberate indifference to DECEDENT's security which allowed jail gang inmates with predispositions to use force and intimidation on DECEDENT, they failed to provide security or protect him and as a result, he was brutally beaten and killed over a period of time by other inmates while the deputies and officers responsible for DECEDENT's security, care and protection, abandoned their duties. As a result Estate of Aaron Bonilla and Tamara Bonilla individually was harmed in the manner threatened by the failure to train, supervise, investigate or instruct subordinates in the manner herein stated.

42.     Doe Defendant Supervisors knew, or in the exercise of reasonable care should have known, of such prior history and propensity at the time of this incident

1  for similar acts of inmate on inmate violence, and knew or should have known of the

2  many incidents of killings as above stated, most of which occurred in their facility,

3  and that sheriff deputies and their supervisors had prior to the commission of the acts

4  complained of herein, acting under the color of their authority as deputies in the

5  course and scope of their employment as such, committed similar acts of failure to

6  supervise subordinates, failure to provide reasonable security, lapse in security,

7  abandonment of their post, allowing violent inmates access to other inmates,

8  deliberate indifference to the necessity to protect inmates, to report deputy wrongful

9  conduct, to prevent unreasonable use of force, to provide access to medical care to

10  inmates.

11      43.    Plaintiffs are further informed and believe and thereon allege that these

12  supervisors knew, or in the exercise of reasonable care, should have known of this

13  custom, policy, pattern or practice of unconstitutional violations, or in the existence

14  of facts which creates the potential of unconstitutional acts, and these Defendants,

15  had a duty to investigate their subordinates, and to instruct their subordinates to

16  prevent similar acts to other persons, but failed to take steps to properly train,

17  supervise, investigate or instruct deputies, jailers, and as a result Plaintiffs and

18  DECEDENT were harmed in the manner alleged herein by the supervisors' failure to

19  train, supervise, investigate, instruct and take corrective measures.

20      44.    As legal cause of the conduct of these defendant supervisors actions or

21  inactions, as described above, Plaintiffs were damaged and injured as alleged above,

22  as set forth above.

23      45.    Each individual Defendant and Doe Defendant acted recklessly or with

24  callous indifference to Jonathan Najera's right to reasonable security and to Plaintiffs'

25  constitutional rights and should be assessed punitive damages.

26  \\

27  \\

28

## AS A FOURTH CAUSE OF ACTION PLAINTIFFS ALLEGE NEGLIGENCE AGAINST ALL DEFENDANTS AND DOE DEFENDANTS.

46.     Plaintiffs incorporate by reference herein paragraphs 1-30 above and all paragraphs following this second cause of action, as though fully set forth.

47.     On or about June 11, 2017, while in his housing cell due to the negligence of each defendant, DECEDENT was violently attacked by individuals who were acting in concert with one or more of the co-defendant individuals and beaten to death.

48.     Each Defendant and Doe Defendant was negligent in the performance of his/her custody deputy tactics and duties and this negligence was a cause of Plaintiffs' injuries and damages. Defendants and Doe Defendants failed to comply with their above stated custody tactics and duties and their conduct was at all times mentioned herein, below the standard of care for reasonable custody deputies, and this negligence caused the injuries and damages alleged herein.

49.     Defendants, WARNKE, COUNTY and Doe Defendants, acting within the course and scope of their employment with Defendants, breached their duty to assure the competence of Doe Defendants 1-10, failed to exercise ordinary care under the circumstances herein alleged to evaluate and to assure the competence of Does 1-10, and breached their duty of selecting, training, reviewing and periodically evaluating the competency of these individually named deputies. This breach of duty of careful selection, training, review and periodic evaluation of the competency of such custody deputies created an unreasonable risk of harm to persons such as DECEDENT.

50.     As a direct and legal result of the aforesaid negligence, carelessness and unskillfulness of defendants, and each of them, Plaintiffs were injured, and have suffered the damages as alleged above.

\\

1    WHEREFORE, Plaintiffs prays for relief as follows:

2    1. For general damages according to proof;

3    2. For past, present and future special damages according to proof;

4    3. For other losses in an amount according to proof;

5    4. For costs of suit and reasonable attorneys' fees permitted pursuant to 42

6    U.S.C., §1988;

7    5. For exemplary damages against individual defendants where appropriate;

8    and

9    6. For such further relief as the court may deem just and equitable.

10   Dated: March 6, 2018

11

12                              VAZIRI LAW GROUP, APC

13

14                              BY _____

15                              SIAMAK VAZIRI, ESQ. [SBN 242447]
                                STEFANO G. FORMICA, ESQ. [SBN 241958]
16                              VINCENT J. CARTER, ESQ [SBN 208899]

17   Plaintiffs demand a Jury Trial.

18

19   Dated: March 6, 2018

20

21

22                              VAZIRI LAW GROUP, APC

23

24                              BY _____

25                              SIAMAK VAZIRI, ESQ. [SBN 242447]
                                STEFANO G. FORMICA, ESQ. [SBN 241958]
26                              VINCENT J. CARTER, ESQ [SBN 208899]

27

28

---

COMPLAINT FOR WRONGFUL DEATH
16