UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF AARON BONILLA by and through his personal representative TAMARA BONILLA, and TAMARA BONILLA, individually,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MERCED; COUNTY OF MERCED SHERIFF'S DEPARTMENT; SHERIFF VERNON H. WARNKE, ELIZABETH BONILLA, and DOES 1 through 50, inclusive,<br><br>Defendants. | No. 1:18-cv-00329-DAD-SKO<br><br>ORDER GRANTING MOTION TO DISMISS AND DISMISSING PLAINTIFFS' FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. No. 9) |

This case is before the court on a motion filed by defendants County of Merced, County of Merced Sheriff's Department, and Sheriff Vernon Warnke to dismiss plaintiffs' first amended complaint for failure to state a claim. (Doc. No. 9-1.) A hearing on the motion was held on July 17, 2018, at which attorney Stefano Formica appeared telephonically for plaintiffs, and attorney Roger Matzkind appeared personally for defendants. (Doc. No. 15.) For the reasons set forth below, the court grants defendants' motion to dismiss in part and will also grant plaintiffs leave to file a second amended complaint.

/////

1

**BACKGROUND**

This case arises from the death of Aaron Bonilla ("decedent" or "Mr. Bonilla") on or around June 11, 2017, while he was an inmate at Merced County Jail.[1] Plaintiffs' first amended complaint (Doc. No. 5, hereinafter "FAC"), contains few factual allegations with respect to the circumstances of the decedent's death, other than to allege he was assaulted and beaten to death by pre-trial detainees and/or prisoners at the jail. (*Id.* at ¶¶ 14, 27–28.)

Plaintiffs bring this action against the County of Merced ("the County"), the Merced County Sheriff's Department, Sheriff Vernon H. Warnke ("Sheriff Warnke"), and two sets of Doe defendants. (*Id.* at ¶ 3.) Doe defendants # 1–40 are identified by plaintiffs as deputy sheriffs or other officials at the Merced County Sheriff's Department. (*Id.* at ¶ 11.) Doe defendants # 41–50 are identified by plaintiffs as inmates or prisoners at the Merced County Jail or other non-state actors who allegedly assaulted the decedent. (*Id.* at ¶¶ 14–15.) Plaintiffs also name Elizabeth Bonilla, Mr. Bonilla's mother, as a defendant but do not assert any substantive allegations about her within the FAC.[2]

According to plaintiffs, defendants created or perpetuated customs or policies that injured the decedent and were deliberately indifferent to his health, safety, and civil rights. (*Id.* at ¶ 14.)

---

[1] Throughout the FAC, plaintiffs refer to decedent as an "inmate/detainee/prisoner" at the Merced County Jail. (*See* FAC at 2.) As discussed at the hearing on the pending motion, the distinctions between a pretrial detainee (i.e., an individual who is being held in custody awaiting trial but has not been convicted of a crime) and a prisoner (i.e., an individual who has been convicted of a crime) are legally significant, especially with respect to claims based on a theory of deliberate indifference. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1068–73 (9th Cir. 2016) (*en banc*) (discussing differences between the "deliberate indifference" standard as applied to pretrial detainees and convicted prisoners). At the hearing, plaintiffs' counsel stated their understanding that Mr. Bonilla was properly classified as a prisoner. If this understanding has changed, plaintiffs are directed to amend the complaint accordingly.

[2] The FAC asserts that Elizabeth Bonilla is entitled to recover damages in this action but has declined to participate as a plaintiff. (*See* Doc. No. 5 at 3, ¶ 9.) Plaintiffs state that they have, therefore, named her as a nominal defendant pursuant to California Code of Civil Procedure § 382. (*Id.*) The court questions whether this provision applies in this action, especially because several Federal Rules of Civil Procedure govern joinder in federal court. *See* Fed. R. Civ. P. 19–20; *see also In re County of Orange*, 784 F.3d 520, 527–32 (9th Cir. 2015) (discussing application of the *Erie* doctrine in this circuit). Based on the lack of factual allegations against Elizabeth Bonilla, the court will dismiss all of plaintiffs' causes of action against her with leave to amend.

Plaintiffs also allege, in general, the following. Defendants tortured, beat, and used unlawful and unreasonable force on inmates and prisoners at the Merced County Jail. (*Id.* at ¶ 16.) Defendants used the "shot caller" system to supervise the Merced County Jail, which is a system of self-governance among inmates that involved threats and physical violence, administered by various representatives of the racial groups within each tank or cell of the jail. (*Id.*) Despite knowing about reoccurring beating and torture of prisoners and pretrial detainees, defendants maintained a policy of nonintervention in physical attacks between inmates, including the beating of decedent by the group of inmates/prisoners currently identified as Doe defendants # 41–50 in this action, and did not take any corrective measures. (*Id.*)

Plaintiffs allege that defendants insufficiently supervised the Merced County Jail by failing to have functional video monitoring cameras, housing sentenced inmates together with detainees awaiting arraignment or trial, conducting law enforcement patrols of the holding tanks only once every sixty minutes at times, and assigning a single jail employee to oversee large housing modules. (*Id.*) Plaintiffs allege that defendants would not promptly investigate jail violence incidents after they occurred and failed to take steps to properly train jail staff. (*Id.* at ¶¶ 39, 43.)

Plaintiff Tamara Bonilla, Mr. Bonilla's sister, commenced this action as the successor in interest of, and with, Mr. Bonilla's estate, on March 8, 2018. (Doc. No. 1.) On April 12, 2018, plaintiffs filed a FAC reflecting no substantive differences in the allegations contained in their original complaint. (Doc. No. 5.) Defendants' motion to dismiss the FAC was filed on May 8, 2018. (Doc. No. 9.) Plaintiffs filed an opposition to the motion to dismiss on June 4, 2018. (Doc. No. 10.) Defendants filed their reply on June 12, 2018. (Doc. No. 13.)

**LEGAL STANDARD**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A claim for relief must contain "a short and plain statement of the

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though Rule 8(a) does not require detailed factual allegations, a plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Novak v. United States*, 795 F.3d 1012, 1017 (9th Cir. 2015). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

**DISCUSSION**

Defendants first argue that plaintiff Tamara Bonilla lacks standing as a sibling of a decedent and cannot state a cognizable claim under 42 U.S.C. § 1983. (Doc. No. 9 at 10–11.) Plaintiffs concede that Tamara Bonilla lacks standing to assert the first cause of action. (Doc. No. 10-1 at 2.) Accordingly, the court will dismiss all causes of action brought by plaintiff Tamara Bonilla pursuant to § 1983. *See Ward v. City of San Jose*, 967 F.2d 280, 284 (9th Cir. 1991) (affirming district court's dismissal of decedent's sibling in § 1983 action for lack of standing), *as amended on denial of reh'g* (June 16, 1992).

Next, defendants argue that the Merced County Sheriff's Department is not a recognized public entity and is thus not a person for purposes of § 1983. (Doc. No. 9-1 at 11–12.) Plaintiff consents to dismissing the Merced County Sheriff's Department as a named defendant in this action. (Doc. No. 10-1 at 2.) Given plaintiff's non-opposition, the court grants dismissal of all

claims against the Merced County Sheriff's Department.[3]

**I.     First Cause of Action – 42 U.S.C. § 1983**

The Civil Rights Act, pursuant to which plaintiffs allege their constitutional claims here, provides as follows:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983. A valid claim under § 1983 must allege that: (1) the conduct complained of was committed by a person acting under color of state law; (2) this conduct deprived a person of constitutional rights; and (3) there is an actual connection or link between the actions of the defendants and the deprivation allegedly suffered by decedent. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–95 (1978); *Rizzo v. Goode*, 423 U.S. 362, 370–71 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Lacey v. Maricopa County*, 693 F.3d 896, 915 (9th Cir. 2012) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

In the FAC, plaintiffs allege that defendants' conduct caused an Eighth Amendment violation under a theory of deliberate indifference. (FAC at 7.) Each defendant is discussed separately below.

   A.     <u>Merced County</u>

Plaintiffs' claims against Merced County are based solely on its alleged supervision and direction of certain Doe defendants. To the extent that plaintiffs are attempting to allege a cause of action against the County in its supervisory role, they are precluded from doing so. *See*

---

[3] The court notes, however, that the Ninth Circuit has held that sheriff's departments are public entities under California law, and thereby separately suable under § 1983. *Streit v. County of Los Angeles*, 236 F.3d 552, 565–66 (9th Cir. 2001); *see also Payne v. County of Calaveras*, No. 1:17-cv-00906-DAD-SKO, 2018 WL 6593347, at *3 (E.D. Cal. Dec. 14, 2018) (concluding that in § 1983 actions sheriff's departments are separately suable entities, but county jails are not).

*Kentucky v. Graham*, 473 U.S. 159, 168 (1985) (holding that "a municipality cannot be made liable under 42 U.S.C. § 1983 on a *respondeat superior* basis"). As discussed in more detail below, plaintiffs may assert a claim against a municipality under § 1983 only by pleading that their constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. *Monell*, 436 U.S. at 690–94; *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008). Here, plaintiffs do not appear to allege a *Monell* claim against Merced County, since no specific policies or customs of that county are alleged in the FAC. Therefore, this claim will be dismissed as to the County of Merced.

      B.     <u>Sheriff Warnke</u>

Similarly, in their FAC plaintiffs allege only that Sheriff Warnke supervised and directed the Doe defendants # 1–40, identified by plaintiffs as deputy sheriffs or other officials at the Merced County Sheriff's Department. (*See* FAC at ¶¶ 14, 25.) It is unclear whether plaintiffs are attempting to bring a cause of action against Sheriff Warnke in his official or individual capacity. Under either scenario, however, the claim must be dismissed. If plaintiff is attempting to allege a cause of action against Sheriff Warnke in his official capacity on the basis of his supervisorial position, plaintiffs' claim is indistinguishable from their cause of action against Merced County. "Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent." *Graham*, 473 U.S. at 165–66 (citing *Monell*, 436 U.S. at 690, n.55). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Graham,* 473 U.S. at 166.

Alternatively, if plaintiffs are attempting to assert a cause of action against Sheriff Warnke in his individual capacity, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior*. Therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not

6

sufficient. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Here, plaintiffs have alleged in their FAC only that Sheriff Warnke supervised certain Doe defendants and failed to allege a causal link between the actions of Sheriff Warnke and the specific constitutional violation. Therefore, the claim against defendant Sheriff Warnke will also be dismissed.

C. <u>Doe defendants # 1–40 in their individual capacities</u>

The court construes plaintiffs' first claim against Doe defendants # 1–40 as an Eighth Amendment claim based on deliberate indifference. Plaintiffs allege that Doe defendants #1–40, who are individuals employed by the Merced County Sheriff's Department or are otherwise acting under the color of state law, deprived plaintiff of his Eighth Amendment right to be free of cruel and unusual punishment, in violation of 42 U.S.C. § 1983.

"'[P]rison officials have a duty [under the Eighth Amendment prohibition of cruel and unusual punishments] to protect prisoners from violence at the hands of other prisoners because [b]eing violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 833–34 (1994) (internal quotations omitted). The failure of prison officials to protect inmates from inmate attacks may violate the Eighth Amendment if: (1) plaintiff alleges an "objectively, sufficiently serious" constitutional deprivation, and (2) the prison officials acted with deliberate indifference and had a "sufficiently culpable state of mind." *Id.* at 834. "To state an Eighth Amendment deliberate indifference claim, Plaintiffs are required to allege that Defendants knew that [plaintiff] faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it." *Lemire v. Schwarzenegger*, No. 2:08-cv-00455-GEB-EFB, 2010 WL 430818, at *4 (E.D. Cal. Jan. 28, 2010) (citing *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005) and quoting *Farmer*, 511 U.S. at 842, with internal quotations omitted). "Deliberate indifference entails something more than mere negligence but is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Hearns*, 413 F.3d at 1040 (internal quotations omitted) (citing *Farmer*, 511 U.S. at 835).

/////

/////

Here, plaintiffs' FAC contains only conclusory allegations[4] that these Doe defendants failed to provide proper classification and housing accommodations for decedent, which led him to be assaulted and beaten to death by other inmates or pretrial detainees. (*See* FAC at ¶¶ 27–29.) Plaintiffs fail to present specific allegations regarding the classification and housing accommodations system in place at the Merced County Jail, nor do they allege any facts as to how the defendants' alleged failure to adhere to such a system led the decedent to be assaulted and beaten to death by other inmates or pretrial detainees.[5] Further, plaintiffs fail to allege how the Doe defendants knew or should have known that the decedent faced a substantial risk of serious harm. *See Krainski v. Nev. ex rel. Bd. of Regents*, 616 F.3d 963, 969 (9th Cir. 2010) (dismissing a complaint because plaintiff "merely alleged in a conclusory fashion that the officers 'knew, or should have known'" of the violation); *Sullivan v. Biter*, No. 1:15-cv-00243-DAD-SAB, 2017 WL 1540256, at *1 (E.D. Cal. Apr. 28, 2017) ("Conclusory allegations that various prison officials knew or should have known about constitutional violations occurring against plaintiff simply because of their general supervisory role are insufficient to state a claim under 42 U.S.C. § 1983."). The allegations of the FAC are insufficient to support a plausible inference that individuals in the Merced County Sheriff's Department knew or should have known that the

---

[4] Throughout the FAC, plaintiffs make broad, general statements or plead legal conclusions rather than specific facts. For example, instead of describing defendants' actual conduct, plaintiffs plead that defendants "ignored or turned a blind eye to their special legal and professional responsibility to ensure proper classification and housing for decedent . . . ." (Doc. No. 5 at 7–8.) This manner of pleading is clearly insufficient. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement.") (internal citations omitted).

[5] In the "General Allegations" section of the FAC, plaintiffs allege that defendants failed to house inmates/prisoners who are sentenced separately from detainees awaiting arraignment or trial, without alleging in what way such a practice posed a danger to decedent. (*See* FAC at 5:17–19.) Additionally, in that same section of the FAC, plaintiffs allege that jail officials used the "shot caller" system, "a system of self-governance among inmates that involved threats and physical violence," to supervise the Merced County Jail. (*Id.* at 5:5–8.) However, it is unclear whether this reference is to the classification and housing accommodation system that plaintiffs refers to earlier in their FAC. If plaintiffs choose to file a second amended complaint, they are directed to clearly indicate which of their general allegations apply to each of their causes of action.

decedent was at risk of being beaten to death. For example, plaintiffs have not alleged that the decedent was previously assaulted after deputies failed to adhere to the classification and housing accommodations system at the Merced County Jail, that he was particularly vulnerable if housed in a particular location, or that there were other reasons why these Doe defendants knew or should have known that the decedent faced a substantial risk of serious harm where he was held before his death. For these reasons, the court concludes plaintiffs have not alleged facts in their first amended complaint linking the Doe defendants to the alleged constitutional violation. Accordingly, as pled, this claim must be dismissed for failure to state a claim.[6]

## II. Second Cause of Action – *Monell* claim

In their second cause of action, plaintiffs allege a § 1983 claim against defendant Merced County pursuant to *Monell*.[7]

It is well-established that "a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 69; *see also Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). To state a *Monell* claim against the County, plaintiffs must allege and ultimately demonstrate "that an 'official policy, custom, or pattern' on the part of [the County] was 'the actionable cause of the claimed injury.'" *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1143 (9th Cir. 2012) (quoting *Harper v. City of Los Angeles*, 533 F.3d 1010, 1022 (9th Cir. 2008)). A *Monell* claim can be established in one of three ways. *See Thomas v. County of Riverside*, 763

---

[6] Plaintiffs suggest that they possess little evidence of what occurred inside the jail leading up to Mr. Bonilla's death. However, that lack of evidence should not prevent plaintiffs from sufficiently alleging facts to state a plausible claim. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008) ("At the motion to dismiss stage, [the plaintiff] need not support his allegations with evidence, but his complaint must allege sufficient facts to state the elements of [his] claim.") (citing *Twombly*, 550 U.S. at 570).

[7] Plaintiffs also name defendants Sheriff Warnke and Does # 1–40 in their second cause of action. (Doc. No. 5 at 9.) At the hearing on the pending motion plaintiffs' counsel clarified that the second cause of action was intended to be a *Monell* claim. However, a claim brought pursuant to *Monell* is necessarily one against a municipality based on an official policy, custom, or pattern of conduct. 436 U.S. at 694–95. Any official capacity claim brought against individual defendants (i.e. Sheriff Warnke and Does # 1–40) would be duplicative of plaintiffs' *Monell* claim against the County and will therefore be dismissed as well.

F.3d 1167, 1170 (9th Cir. 2014). First, a local government may be held liable when it acts "pursuant to an expressly adopted policy." *Id.* (citing *Monell*, 436 U.S. at 694); *Lytle v. Carl*, 382 F.3d 978, 982 (9th Cir. 2004). Second, a public entity may be held liable for a "longstanding practice or custom." *Thomas*, 763 F.3d at 1170. Such circumstances may arise when, for instance, the public entity "fail[s] to implement procedural safeguards to prevent constitutional violations" or when it fails to adequately train its employees. *Tsao*, 698 F.3d at 1143 (citing *Oviatt v. Pearce*, 954 F.2d 1470, 1477 (9th Cir. 1992)); *see also Connick v. Thompson*, 563 U.S. 51, 61 (2011) ("A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train."); *Flores v. County of Los Angeles*, 758 F.3d 1154, 1159 (9th Cir. 2014) (requiring a plaintiff asserting a claim based on a failure to train to allege facts showing that defendants "disregarded the known or obvious consequence that a particular omission in their training program would cause municipal employees to violate citizens' constitutional rights") (internal brackets omitted) (quoting *Connick*, 563 U.S. at 61). "Third, a local government may be held liable under § 1983 when 'the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'" *Clouthier v. County of Santa Clara*, 591 F.3d 1232, 1250 (9th Cir. 2010) (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346–47 (9th Cir. 1992)), *overruled on other grounds by Castro*, 833 F.3d at 1070.

"Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996), *holding modified on other grounds by Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001); *see also Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999) ("A single constitutional deprivation ordinarily is insufficient to establish a longstanding practice or custom."); *Cain v. City of Sacramento*, No. 2:17-CV-00848-JAM-DB, 2017 WL 4410116, at *3 (E.D. Cal. Oct. 4, 2017) (dismissing the plaintiff's *Monell* claim because it alleged only a single encounter between plaintiff and jail staff). Although "[i]t is difficult to discern from the caselaw the quantum of allegations needed to survive a motion to dismiss a pattern and practice claim," *Gonzalez v.*

*County of Merced*, No. 1:16-cv-01682-LJO-SAB, 2017 WL 6049179, at *2 (E.D. Cal. Dec. 7, 2017), "where more than a few incidents are alleged, the determination appears to require a fully-developed factual record." *Lemus v. County of Merced*, No. 1:15-cv-00359-MCE-EPG, 2016 WL 2930523, at *4 (E.D. Cal. May 19, 2016), *aff'd*, 711 Fed. App'x 859 (9th Cir. 2017); *see also Becker v. Sherman*, No. 1:16-cv-0828-AWI-MJS (PC), 2017 WL 6316836, at *9 (E.D. Cal. Dec. 11, 2017) (finding that "four assaults related to [plaintiff's] housing assignment and status as a transgender inmate . . . sufficiently alleged the existence of a CDCR custom"), *findings and recommendations adopted*, 2018 WL 623617 (E.D. Cal. Jan. 30, 2018); *Bagley v. City of Sunnyvale*, No. 16-CV-02250-JSC, 2017 WL 5068567, at *5 (N.D. Cal. Nov. 3, 2017) ("Where courts have allowed *Monell* claims to proceed at the motion to dismiss stage, plaintiffs have pled multiple incidents of alleged violations.").

Here, plaintiff has alleged that the County maintained numerous policies or customs, including but not limited to: "(1) improper classification and housing of inmates; (2) failure to protect inmates who have provided information to law enforcement that implicated co-defendants and/or other individuals in custody; . . . (5) failure to supervise, investigate and take corrective actions in incidents of failure to provide reasonable securities resulting in inmate-on-inmate violence; . . .." (Doc. No. 5 at ¶ 34.) However, plaintiffs fail to present any specific factual allegations in their FAC supporting the existence of any of these alleged policies, much less all of them. Plaintiffs simply make conclusory allegations that such policies exist, without alleging any specific facts that the practices are "of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino*, 99 F.3d at 918. Further, plaintiffs have not alleged any facts that would establish that the County expressly adopted the alleged policies or that they were long-standing customs. Nor have plaintiffs alleged any facts establishing that defendant Sheriff Warnke or Doe defendants # 1–40 "committed a constitutional tort" or "ratified a subordinate's unconstitutional decision." *Clouthier*, 591 F.3d at 1250. To state a claim for which relief can be granted, plaintiff must allege some specific facts that would support the conclusion that the alleged policies exist. *See Lapachet v. Cal. Forensic Med. Grp.*, 313 F. Supp. 3d 1183, 1193 (E.D. Cal. 2018) (denying defendants' motion to dismiss

the *Monell* claim against the County because plaintiffs alleged both the existence of policies and customs and provided specific factual allegations supporting the existence of these policies).

In light of these noted deficiencies, plaintiffs' Monell claim as alleged in their second cause of action will be dismissed.

**III.    Third Cause of Action – Failure to Train**

Plaintiff's third cause of action alleges that defendant Sheriff Warnke and Doe defendants # 1–40 failed to adequately train and supervise subordinate employees, resulting in violations of the decedent's constitutional rights. (Doc. No. 5 at 11–15.) This cause of action is brought by plaintiffs against these defendants in their personal capacity. (*Id.*) Defendants argue that plaintiffs fail to allege sufficient facts in their FAC to state a cognizable claim for deliberate indifference against Sheriff Warnke. (Doc. No. 9-1 at 16–18.)

A plaintiff may state a claim for § 1983 liability against an official in his individual capacity if it is alleged that the defendant "disregarded the known or obvious consequence that a particular omission in their training program would cause [municipal] employees to violate citizens' constitutional rights." *Flores*, 758 F.3d at 1158–59 (quoting *Connick*, 563 U.S. at 52); *see also Levine v. City of Alameda*, 525 F.3d 903, 907 (9th Cir. 2008) (stating that a supervisor can be held liable in their individual capacity for a failure to train subordinates if they set into motion, or refused to stop, specific actions that they knew would cause constitutional violations); *Cunningham v. Gates*, 229 F.3d 1271, 1292 (9th Cir. 2000) ("Supervisors can be held liable for . . . their own culpable action or inaction in the training, supervision, or control of subordinates . . . ."); *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) ("Supervisory liability is imposed against a supervisory official in his individual capacity for his 'own culpable action or inaction in the training, supervision, or control of his subordinates.'") (quoting *Clay v. Conlee*, 815 F.2d 1164, 1170 (8th Cir. 1987)).

Ordinarily, plaintiffs must allege a "pattern of similar constitutional violations by untrained employees" in order to state a claim for deliberate indifference based upon a failure to train. *Flores*, 758 F.3d at 1159 (quoting *Connick*, 563 U.S. at 62). However, there are a limited set of circumstances in which "the unconstitutional consequences of failing to train could be so

patently obvious that [a defendant] could be liable under § 1983 without proof of a pre-existing pattern of violations." *Connick*, 563 U.S. at 64 (citing *City of Canton v. Harris*, 489 U.S. 378, 390 n.10 (1989)). In *Harris*, the Supreme Court postulated that a failure to train police officers on the constitutional limits of excessive force prior to arming them satisfied the narrow range of single-incident liability. 489 U.S. at 389–90. That said, when a "[p]laintiff's conclusory failure to train allegation does not even identify the kind of training that Plaintiff believes Defendants should have received . . . the claim against the supervisor must be dismissed, with leave to amend." *Flores-Ramirez v. Three Unknown Fed. Task Force Agents*, No. CV 17-2360 SJO (SS), 2018 WL 1354240, at *4 (C.D. Cal. Mar. 15, 2018).

In their FAC plaintiffs make conclusory and seemingly boilerplate allegations that defendant Sheriff Warnke and the Doe defendants were deliberately indifferent in their training and supervision, ranging from the alleged failure to provide reasonable security at the jail and to monitor inmates, to an alleged failure to properly classify inmates at the jail. (*See* Doc. No. 5 at 12, ¶ 35–45.) Despite the lengthy nature of those allegations, the court can only identify a few factual allegations (as opposed to legal conclusions) in the FAC, namely that decedent was killed by other inmates with whom he was housed because defendants failed to fulfill their duties. Plaintiffs do not allege actual facts, such as other similar incidents, describing a "pattern of similar constitutional violations by untrained employees . . .." *Flores*, 758 F.3d at 1159. Neither do plaintiffs allege that the circumstances so obviously established a constitutional violation that allegation of a "pre-existing pattern of violations" is unnecessary. *Connick*, 563 U.S. at 64 (citing *Harris*, 489 U.S. at 390 n.10). To state a claim based upon a failure to train, plaintiffs must allege facts that defendants "disregarded the known or obvious consequence that a particular omission in their training program would cause [municipal] employees to violate citizens' constitutional rights." *Flores*, 758 F.3d at 1159 (quoting *Connick*, 563 U.S. at 61).

Moreover, in their FAC plaintiffs do not identify the training defendants should have received or implemented to prevent the alleged constitutional violations. Though plaintiffs allege an extensive list of what Sheriff Warnke "should have known" (Doc. No. 5 at 12–13), they fail to identify any particular failures in defendants' training program that, if corrected, would have

13

rectified such a shortcoming. *See McFarland v. City of Clovis*, 163 F. Supp. 3d 798, 806 (E.D. Cal. 2016) ("Alleging that training is 'deficient' or 'inadequate' without identifying a specific inadequacy is conclusory and does not support a plausible claim."); *Bini v. City of Vancouver*, 218 F. Supp. 3d 1196, 1202 (W.D. Wash. 2016) (plaintiff did not adequately allege a § 1983 claim for failure to train absent facts of specific shortcomings in training police officers).

Plaintiffs also assert that their third cause of action is based on Sheriff Warnke and Doe defendants' role as supervisors. (Doc. No. 5 at 11, ¶¶ 35–37.) However, the FAC does not contain factual allegations about the defendants' supervisory roles and the alleged deficiencies in their performance. To the extent plaintiffs bring their claims against defendants Sheriff Warnke and the Doe defendants in their supervisorial capacities, they must specifically allege facts to support a causal link between the acts or inaction of each defendant and the claimed constitutional violation—such as, for example, each defendant's personal involvement in creating and implementing training for jail personnel regarding the prevention of prisoner violence. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (noting that supervisory liability under § 1983 is appropriate if there exists "personal involvement in the constitutional deprivation"); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.").

Because plaintiffs have failed to plead facts sufficient to state a failure to train claim against defendant Sheriff Warnke and the Doe defendants, their third cause of action brought against those defendants must also be dismissed.

**IV.     Fourth Cause of Action – Negligence**

Finally, defendants move for dismissal of plaintiff's negligence cause of action brought against defendants Merced County, Sheriff Warnke, and the Doe defendants. (Doc. No. 9-1 at 18.) The County argues it is immune from all negligence actions, and that plaintiffs' complaint fails to state a cognizable claim against defendant Sheriff Warnke. (*Id.* at 18–23.) The court addresses each argument in turn.

/////

14

1.      Merced County

The County argues that it is immune from liability for any tort injury to prisoners under California Government Code § 844.6. (*Id.* at 18.) That provision states that "notwithstanding any other provision of this part . . . a public entity is not liable for . . . [a]n injury to any prisoner." Cal. Gov't Code § 844.6(a)(2).[8] Plaintiff fails to respond to this argument and instead merely provides the elements of a negligence claim. (Doc. No. 10-1 at 10.)

California courts have held that "wrongful death actions are generally subject to the immunity stated in section 844.6." *May v. County of Monterey*, 139 Cal. App. 3d 717, 720 (1983) (citing *Jiminez v. County of Santa Cruz*, 42 Cal. App. 3d 407, 410–12 (1974)); *see also Lowman v. County of Los Angeles*, 127 Cal. App. 3d 613, 615–17 (1982) (concluding that § 844.6 grants immunity to public entities for wrongful death claims by prisoners regardless of the underlying theory of liability). Because plaintiffs have asserted no exception to this statutory immunity, either in their complaint or in their opposition to the pending motion to dismiss, this cause of action must be dismissed as to the County.

                2.      Sheriff Warnke and Doe defendants

The court turns next to plaintiffs' negligence claim brought against defendant Sheriff Warnke. In California, the elements of a cause of action for negligence are: (1) a legal duty to use reasonable care; (2) breach of that duty; and (3) proximate cause between the breach and (4) the plaintiff's injury. *Mendoza v. City of Los Angeles*, 66 Cal. App. 4th 1333, 1339 (1998) (citation omitted).

Here, plaintiffs' FAC does not allege any facts suggesting that Sheriff Warnke or the Doe defendants took any specific action or conducted themselves in a way that did not meet the

/////

/////

/////

---

[8] That statute also recognizes multiple exceptions to that immunity, such as Government Code §§ 814, 814.2, 845.4, and 845.6. *See, e.g., Matysik v. County of Santa Clara*, No. 16-CV-06223-LHK, 2018 WL 732724, at *15 (N.D. Cal. Feb. 6, 2018).

appropriate standard of care. Plaintiffs' complaint alleges legal conclusions rather than facts.[9] Therefore, the court is unable to discern what actions Sheriff Warnke or Doe defendants allegedly took or failed to take that constituted a breach of any duty owed to plaintiffs. Plaintiffs' negligence claims against defendant Sheriff Warnke and Doe defendants must therefore be dismissed as well.

**V.     Leave to Amend**

For the reasons explained above, the motion to dismiss filed on behalf of Merced County, Sheriff Warnke, and Does # 1–50 must be granted as to all claims asserted by plaintiffs in their FAC. The court has carefully considered whether plaintiffs may further amend their complaint to state claims upon which relief can be granted. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." *Cal. Architectural Bldg. Prods. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988); *see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court need not allow futile amendments). At this early stage of the litigation, the court cannot conclude that the granting of further leave to amend would be futile. Accordingly, plaintiffs will be granted an opportunity to amend their complaint as to each of their claims in order to attempt to cure the deficiencies addressed in this order.

Plaintiffs are reminded that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part by Lacey v. Maricopa County*, 693 F.3d 896, 925–28 (9th Cir. 2012), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220.

/////

---

[9] For instance, instead of describing defendants' conduct, plaintiff makes conclusory allegations that defendants were "negligent in the performance of his/her custody deputy tactics and duties and this negligence was a cause of [decedent's] injuries and damages." (Doc. No. 5 at ¶ 48.) This is not a factual allegation. *See Iqbal*, 556 U.S. at 678 ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation.") (internal quotation marks omitted).

**CONCLUSION**

For the reasons set forth above,

1. Defendants' motion to dismiss (Doc. No. 9) is granted;
2. All causes of action brought under 42 U.S.C. § 1983 by plaintiff Tamara Bonilla are dismissed with prejudice;
3. All causes of action brought against the Merced County Sheriff's Department are dismissed with prejudice;
4. All other causes of action brought against the remaining defendants in plaintiffs' first amended complaint are dismissed with leave to amend[10];
5. Any second amended complaint plaintiffs elect to file must be filed within 21 days of the date of this order, and failure to file a second amended complaint within the time provided will result in the dismissal of this action.

IT IS SO ORDERED.

Dated: **March 27, 2019**  _____
UNITED STATES DISTRICT JUDGE

---

[10] If plaintiffs include Elizabeth Bonilla as a defendant in any second amended complaint they elect to file, they must be prepared to present applicable authority supporting the naming of her as a defendant in this action, either in response to a motion to dismiss or the court's own order to show cause.