SIAMAK VAZIRI, ESQ. [SBN 242447]
STEFANO G. FORMICA, ESQ. [SBN 241958]
VAZIRI LAW GROUP APC
5757 Wilshire Blvd, Suite 670
Los Angeles, CA 90036
Telephone: (310) 777-7540
Facsimile: (310) 777-0373

ATTORNEYS FOR PLAINTIFF,
TAMARA BONILLA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ESTATE OF AARON BONILLA BY AND THROUGH HIS PERSONAL REPRESENATIVE TAMARA BONILLA AND TAMARA BONILLA, INDIVIDUALLY;

Plaintiffs,

v.

COUNTY OF MERCED; SHERIFF VERNON H. WARNKE, ELIZABETH BONILLA and DOES 1 through 50, inclusive;

Defendants.

Case No. 1:18-cv-00329-DAD-SKO

SECOND AMENDED COMPLAINT FOR WRONGFUL DEATH

DEMAND FOR JURY TRIAL

COMES NOW Plaintiff TAMARA BONILLA, individually, and shows this honorable court the following:

## JURISDICTIONAL ALLEGATIONS

1. This is a civil rights wrongful death/survival action arising from Defendants' failure to provide for prisoner-Decedent's reasonable security, and failure to comply with court orders and other legal obligations occurring in Merced County, California, resulting in the death of Aaron Bonilla on June 11, 2017. This action is brought pursuant to 42 U.S.C. §§ 1983, 1985 and 1988, the

Fourth, Eighth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions. Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367 to hear and decide claims arising under state law. The court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

2. As the incidents complained of in this action occurred in the County of Merced, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3. Plaintiff TAMARA BONILLA brings this action against the COUNTY OF MERCED, SHERIFF VERNON H. WARNKE, in his individual capacity, and Does 1 through 10, inclusive.

**GENERAL ALLEGATIONS**

4. Decedent Aaron Bonilla, hereinafter referred to as "decedent, was a natural person who at all times complained of in this action resided in the State of California. Decedent was an inmate/detainee/prisoner (hereinafter referred to as "inmate") of the Merced County, California, County Jail at the time of the events giving rise to this litigation.

5. Plaintiff, TAMARA BONILLA is and was a natural person who at all times complained of herein resided in the State of California and was the sister and heir of Decedent.

6. Defendant COUNTY OF MERCED, hereinafter referred to as "County", is a municipal entity located within the State of California; within the territorial jurisdiction of this court.

7. Defendant SHERIFF VERNON H. WARNKE, hereinafter referred to as "WARNKE" is, and was at all times complained of in this action, the elected Sheriff of Merced County, California. WARNKE was the final policymaker

and chief policymaking official of the Merced County Sheriff's Department and was at all times complained of herein, acting under the color of state law.

8. ELIZABETH BONILLA is the natural mother of AARON BONILLA and an heir of decedent entitled to recover damages under Code of Civil Procedure §377.60 but she declines to participate as a plaintiff. ELIZABETH MAY HAVE RIGHTS that should be asserted in this action, but has failed to appear as a plaintiff. ELIZABETH BONILLA is a necessary party to the action. Therefore, she is named as a nominal defendant pursuant to Code of Civil Procedure §382

9. At all times complained of herein, defendants DOES 1 through 40, inclusive, are deputy sheriffs, special officers, custodial officers, jailers, supervisors and/or final policy making officials for the Merced County Sheriff's Department, or some other type of public officer/public official, or employee acting under the color of state law, who are in some substantial way liable and responsible for, or otherwise caused or participated in, the actions complained of by the Plaintiff in this instant action.

10. At all times complained of herein, DOES 1 through 40, inclusive, were acting pursuant to their authority as deputies sheriffs, special officers, custodial officers, jailers, supervisors and/or final policy making officials for the Merced County Sheriff's Department, or some other type of public officer/public official or employee acting under the color of state law, and were acting in the course of and within the scope of their employment with their respective employers, including the County of Merced, and were acting in agreement and/or with an understanding and/or in concerted action with the other DOES, name parties and other persons to allow, condone, support, or enable the events complained of herein, including the beating of decedent by a group of inmates/prisoners. In doing so, DOES 1 through 40, inclusive, acted

intentionally to injure decedent, or with deliberate indifference to decedent's health, safety, and federal civil rights.

11. DOES 1 through 50, inclusive, are natural persons whose identities are presently unknown to the Plaintiff, who, therefore, sues these persons by the fictitious name DOE.

12. Plaintiff will amend his complaint to show the true identities of DOES 1 through 50, inclusive, when he becomes aware of said identities.

13. Defendants DOES 41 through 50, inclusive, are inmates/prisoners at the Merced County Jail and/or at some other jail facility and/or some other private person acting under the color of state law, who are in some substantial way liable and responsible for, or otherwise caused or participated in, the actions complained of by Plaintiff in this action, and were acting in the course of and within the scope of their employment with their respective employers and were acting in agreement and/or with an understanding and/or in concerted action, with the other DOES, named parties and other persons, to beat-up decedent. In doing so, DOES 41 through 50, inclusive, acted intentionally to injure decedent, or with deliberate indifference to decedent's health, safety, and federal civil rights.

14. DOES 41 through 50, inclusive, are natural persons whose identities are presently unknown to the Plaintiff, who, therefore, sues these persons by the fictitious name DOE.

15. In addition, at all times complained of herein, DEFENDANTS, and DOES I through 40, inclusive, were acting pursuant to, or otherwise contributed to the creation and maintenance of, and WARNKE created and/or perpetuated and/or substantially contributed to, the customs, policies, usages and practices of the Merced County Jail/Merced County Sheriff's Department for, inter alia, 1) assigning non-gang member detainees to cells occupied and controlled

by gang members, (2) assigning low level detainees to high risk, violent offender cells where it was known that does 41-50 unlawfully and unreasonable torture, beat and otherwise use unlawful and unreasonable force on certain inmates/prisoners at the Merced County Jails; 3) using the "shot caller" system to supervise the Merced County Jails (a system of self-governance among inmates that involved threats and physical violence, administered by various "reps" - so called "representatives" of the various ethnic groups within each tank or cell); 4) allowing the inmates/prisoners to torture, beat-up, and otherwise use unlawful and unreasonable force on inmates/prisoners at the Merced County Jails, by maintaining a policy of nonintervention, known to inmates/prisoners of the County Jail, in physical attacks by inmates on inmates, including the beating of Plaintiff by a group of inmates/prisoners alleged herein, with deliberate indifference to Plaintiff's health, safety, and federal civil rights; 5) deliberately failing to have fixed video monitoring camera and recorders in certain areas of the Merced County Jails, to ensure/help ensure the safety of inmates; 5) failing to stop/or encouraging the beatings of inmates; 6) failing to house inmates/prisoners who are sentenced separately from detainees awaiting arraignment or trial; 7) being indifferent to the safety of the inmates/prisoners at the Merced County Jails, including actually seeing, hearing or otherwise knowing that an inmate/prisoner is actually or will actually be beaten-up, and making no effort to protect the inmate/prisoner who is or is going to be beaten-up; 8) conducting patrols of the holding tanks only once every sixty minutes; 9) assigning a single deputy/guard/other officer to watch, monitor, and run each module within the jail (when each module contains four to six, or more, tanks, and some tanks contain almost seventy inmates); 10) failing to discipline and tolerating and acquiescing in those policies, customs, usages and practices of

the Merced County Sheriff's Department and said agency's Jails, by knowing about the usual and reoccurring instances of beating and torture of inmates of the Merced County Jails and failing to take any corrective measures, and/or being in a position that said defendants should reasonably have known about the usual and reoccurring beating and torture of inmates at the Merced County Jails and failing to take any corrective measures.

16. In addition to the above and foregoing, all of the individually names defendants to this action, including said DOE defendants, acted pursuant to an agreement and understanding to deprive the DECEDENT of his constitutional rights as described below or, with deliberate indifference, to permit injury to come to DECEDENT in violation of his constitutional rights; all in violation of 42 U.S.C. §1983.

17. Said agreement/understanding/plan/scheme/joint action/concerted action, above-referenced, was a legal cause of the violation of DECEDENT's constitutional rights, as set forth below.

18. Said policies and practices of the Merced County Sheriff's Department, above-described, was a legal cause of the violation of DECEDENT'S constitutional rights, as set forth below.

19. Doe Defendant deputies and/or civilian employees and agents were at all times mentioned herein, charged by law with the supervision, care, security, and safety of inmate Aaron Bonilla, and were responsible for ensuring that his constitutional and statutory rights were not violated. It was the duty and responsibility of these Doe Defendants to supervise, monitor and protect inmates under their supervision and control; to properly classify and house inmates, to ensure inmates did not harm other inmates; to maintain safety and security in the jail; to not use unnecessary force on inmates; to protect inmates from excessive use of force by other deputies; and, to report deputy wrongful

conduct that results in the infliction of unwarranted force or violence against an inmate.

20. The COUNTY is a public entity and is sued under state law, the California Tort Claims Act, Cal. Gov. Code § 910 et seq., for the acts and omissions of public employees/agents WARNKE and Does 1 - 40, and each of them, who at the time they caused Plaintiffs' injuries and damages, were duly appointed, qualified and acting officers, employees, and/or agents of COUNTY and acting within the course and scope of their employment and/or agency.

21. Plaintiff timely and properly filed tort claims pursuant to Cal. Gov. Code § 910 et seq. on December 6, 2017 and December 11, 2017, Defendants denied the claim on December 15, 2017, and Plaintiff has complied with the state claims statute and as to all state claims, this action is timely filed in accord with state law.

**FIRST CLAIM FOR RELIEF FOR VIOLATION OF 42 U.S.C. SECTION 1983 AGAINST COUNTY OF MERCED, SHERIFF VERNON H. WARNKE AND INDIVIDUAL DOE DEFENDANTS BY PLAINTIFF, ESTATE OF AARON BONILLA BY AND THROUGH HIS PERSONAL REPRESENATIVE TAMARA BONILLA**

22. Plaintiff, ESTATE OF AARON BONILLA BY AND THROUGH HIS PERSONAL REPRESENATIVE TAMARA BONILLA incorporates by reference herein paragraphs 1-21 above and all paragraphs following this first cause of action, as though fully set forth.

23. This action is brought under Title 42 U.S.C. § 1983, and on the Eighth Amendment of the United States Constitution and pursuant to the general laws of the State of California. Plaintiff alleges that the conduct of each of these Defendants deprived DECEDENT of his constitutional right and caused him to suffer grievous harm and physical injuries while in Defendants and Doe

Defendants custody.

24. Doe Defendants 1-40, acting under the supervision and/or direction of COUNTY and WARNKE, ignored or turned a blind eye to their special legal and professional responsibility to ensure proper classification and housing for DECEDENT, they ignored or failed to ensure his security and to ensure his protection; they failed to follow policies and procedures regarding classification and housing for inmates such as DECEDENT, and were trained and knew or should have known that failure to do so could and/or would lead to the assault, serious injury, or even death of DECEDENT.

25. Doe Defendants 1-40 ignored these duties and responsibilities knowing that they had an affirmative duty to protect DECEDENT while under their custody, and they acted with deliberate indifference to DECEDENT'S constitutional right to reasonable security while in custody.

26. The conduct complained of was done under color of authority in the course of their duties as jailers.

27. The conduct was known by Defendant COUNTY, WERNEKE to be pervasive in the jail and knew that his deputies were placing prisoners improperly and with violent offenders and gang members. That decedent was subjected to a violation of his civil rights as a result of the policy of the COUNTY AND WERNEKE and as a result of that violation, he was savagely beaten to death.

28. That WERNEKE in his supervisorial role knew of, approved and ratified the conduct and policy of housing inmates with violent predators, offenders and gang members. That as a result of his conduct in supervising Does 1-40 Defendant WERNEKE violated his duties as a supervisor and sanctioned a policy of promoting jail beatings and hostilities as well as to have relinquished control of certain mandatory duties and relinquished same to the gangs housed in the cells, units and pods and modules.

SECOND AMENDED COMPLAINT FOR WRONGFUL DEATH
8

29. The constitutional injury was caused by employees of COUNTY acting pursuant to the municipality's policy or custom in allowing prisoners to be housed in gang units and with violent predators and offenders.
30. The conduct averred supra deprived decedent of his constitutional rights.
31. As a result of housing decedent with known violent gang members, decedent was savagely beaten to death in violation of his civil rights.
32. As a legal cause of Doe Defendants 1-40 actions and/or inactions, ignoring the Court's admonishment, ignoring their duties and responsibilities to provide adequate and appropriate classification and housing accommodations, their failure to provide reasonable security and their deliberate indifference to DECEDENT'S right to reasonable security, DECEDENT was assaulted and beaten to death.
33. As a legal cause of Doe Defendants 1-40 actions and inactions, DECEDENT suffered serious and cruel unusual punishment and physical pain and anguish before his death. Plaintiffs Tamara Bonilla was deprived of her constitutional rights to familial relationship.
34. The Estate of Aaron Bonilla claims damages as a survivor action under federal law and claims as damages for the loss of his right to life and of the injuries, pain and emotional anguish and trauma he suffered prior to his death.
35. By virtue of the provisions of 42 U.S.C. Section 1988, Plaintiff is entitled to and demands an award of reasonable attorneys' fees and costs according to proof.
36. Each individual Defendant and Doe Defendant acted recklessly or with callous indifference to DECEDENT 'S right to reasonable security and to Plaintiffs' constitutional rights and should be assessed punitive damages.

# SECOND CLAIM FOR RELIEF BY ESTATE OF AARON BONILLA BY AND THROUGH HIS PERSONAL REPRESENATIVE TAMARA BONILLA AGAINST COUNTY AND SHERIFF VERNON H. WARNKE FOR CUSTOM, POLICY AND/OR PRACTICE CAUSING CONSTITUTIONAL VIOLATIONS.

37. Plaintiffs incorporate by reference herein paragraphs 1-31 above and all paragraphs following this second cause of action, as though fully set forth.

38. At all times herein mentioned, Defendants COUNTY, VERNON H. WARNKE and Does 1 - 40, and each of them, maintained customs or practices that posed a substantial risk of serious harm to inmates in DECEDENT'S situation and each defendant knew that the following custom, policies or practice posed this risk of harm.

(1) improper classification and housing of inmates and in this instance housing plaintiff with known gang members, violent offenders and predators which defendants had known from multiple, repeated and pervasive violent attacks on certain detainees/inmates such as plaintiff that it was probable that by placing decedent in the cell with does 41-50 that decedent be subject to attack, great bodily harm and mortal injury;

(2) placing detainees/inmates in known hostile environments and left unsupervised and undetected by staff to allow inmate fights which result in great bodily injury and mortal injury such as occurred to decedent;

(3) failure to provide reasonable security and/or prevent abuse of inmates by other inmates such as here where decedent was placed in a cell with other known inmates who were known to be hostile, aggressive, violent, predatory and menacing and gang affiliated and which the COUNTY and WERNEKE knew that prior fights occurred and were prevalent in the jail;

(5) failure to supervise, investigate and take corrective actions in

incidents of failure to provide reasonable security resulting in inmate-on inmate violence such as here where decedent was placed in a cell with other known inmates who were known to be hostile, aggressive, violent, predatory and menacing and gang affiliated and which the COUNTY and WERNEKE knew that prior fights occurred and were prevalent in the jail;

(6) assigning deputies with known histories of misconduct including criminal conduct in accord with a SHERIFF custom of using assignment to custody facilities as punishment for problem deputies as a way of keeping them from the public;

(7) ratifying wrongful conduct by deputies and line supervisors that result in serious injuries to inmates or deaths of inmates, civil litigation, judgments and settlements by failing to implement corrective action to prevent repetition of the wrongful conduct;

33. Plaintiffs are informed and believe and thereon allege that Defendants and Does 1-40, each had a history and propensity for acts of the nature complained of herein and manifested such propensity prior to and during their employment and/or agency with defendants COUNTY and VERNON H. WARNKE. Plaintiffs are further informed and believe and thereon allege that these Defendants and Does 1-40, knew, or in the exercise of reasonable care should have known, of such prior history and propensity at the time such individuals were hired and/or during the time of their employment. These Defendants' disregard of this knowledge and/or failure to adequately investigate and discover and correct such facts caused the violation of Plaintiffs' constitutional rights.

34. The above alleged customs or practices were a legal cause of Plaintiffs' injuries, and each individual Defendant and Doe 1-40 acting in accord with these customs or practices acted with deliberate indifference to the needs of

persons such as DECEDENT, who was in the custody, control and care of Defendants.

### AS A THIRD CAUSE OF ACTION PLAINTIFFS ALLEGE NEGLIGENCE AGAINST DOE DEFENDANTS.

46. Plaintiffs incorporate by reference herein paragraphs 1-45 above and all paragraphs following this second cause of action, as though fully set forth.

47. On or about June 11, 2017, while in his housing cell due to the negligence of each defendant, DECEDENT was violently attacked by individuals who were acting in concert with one or more of the co-defendant individuals and beaten to death.

48. Each Defendant and Doe Defendant was negligent in the performance of his/her custody deputy tactics and duties and this negligence was a cause of DECEDENT'S injuries and damages. Defendants and Doe Defendants failed to comply with their above stated custody tactics and duties and their conduct was at all times mentioned herein, below the standard of care for reasonable custody deputies, and this negligence caused the injuries and damages alleged herein.

49. Defendants, WARNKE, COUNTY and Doe Defendants, acting within the course and scope of their employment with Defendants, breached their duty to assure the competence of Doe Defendants 1-40, failed to exercise ordinary care under the circumstances herein alleged to evaluate and to assure the competence of Does 1-40, and breached their duty of selecting, training, reviewing and periodically evaluating the competency of these individually named deputies. This breach of duty of careful selection, training, review and periodic evaluation of the competency of such custody deputies created an unreasonable risk of harm to persons such as DECDENT.

50. As a direct and legal result of the aforesaid negligence, carelessness and

unskillfulness of defendants, and each of them, Plaintiffs were injured, and have suffered the damages as alleged above.

51. As a direct and legal result of the aforesaid negligence, carelessness and unskillfulness of defendants, and each of them decedent was beaten to death by unknown persons housed in the jail.

WHEREFORE, Plaintiffs prays for relief as follows:

1. For general damages according to proof;
2. For past, present and future special damages according to proof;
3. For other losses in an amount according to proof;
4. For costs of suit and reasonable attorneys' fees permitted pursuant to 42 U.S.C., §1988;
5. For exemplary damages against individual defendants where appropriate; and
6. For such further relief as the court may deem just and equitable.

Plaintiffs demand a Jury Trial

Dated: April 16, 2019

VAZIRI LAW GROUP, APC

BY _____

SIAMAK VAZIRI, ESQ. [SBN 242447]
STEFANO G. FORMICA, ESQ. [SBN 241958]

SECOND AMENDED COMPLAINT FOR WRONGFUL DEATH
13