James N. Fincher, SBN 196837
Merced County Counsel
Roger S. Matzkind, SBN 77331
Chief Civil Litigator
2222 M Street, Room 309
Merced, CA 95340
Tel:    (209) 385-7564
Fax:    (209) 726-1337
roger.matzkind@countyofmerced.com

Attorney for Defendant County of Merced and Sheriff Vernon Warnke

In the United States District Court

For the Eastern District of California, Fresno Division

| | |
|---|---|
| Estate of Aaron Bonilla by and through his personal representative Tamara Bonilla and Tamara Bonilla, individually, | Case No. 1:18-cv-0329-DAD-SKO |
| Plaintiffs, | **Memorandum of Points and Authorities in Support of Motion to Dismiss Second Amended Complaint** |
| v. | **[Fed. R. Civ. Proc., Rule 12(b)(6)]** |
| County of Merced; Sheriff Vernon H. Warnke, Elizabeth Bonilla and Does 1 through 50, inclusive, | **Date: June 18, 2019** <br> **Time: 9:30 a.m.** <br> **Courtroom: 5** |
| Defendants. | |

# Table of Contents

I.    Introduction ...................................................................... 7

II.   Legal Standard for Motion to Dismiss ................................. 8

III.  The Complaint Should Be Dismissed:  Plaintiffs Allege
      They Lack Standing ......................................................... 10

IV.   The First and Second Claims (42 U.S.C. § 1983) Fail to
      Allege Facts Sufficient to Constitute a Claim Upon Which
      Relief Can be Granted Against Any Defendant:  The Facts
      Alleged Do Not Support *Monell* Liability or Any
      Constitutional Violation ................................................... 10

V.    The Second Claim (42 U.S.C. § 1983) Fails to Allege Facts
      Sufficient to Constitute a Claim Upon Which Relief Can
      be Granted: The Facts Alleged Do Not Support *Monell*
      Liability .......................................................................... 13

VI.   The Third Claim (Negligence) Fails to Allege Facts
      Sufficient to Constitute a Cause of Action Upon Which
      Relief Can be Granted Plaintiffs Fail to Allege a Statutory
      Basis; Fail to Allege Facts Showing Inapplicability of
      Immunities; Fail to Allege Duty, Breach of Duty and
      Causation ........................................................................ 17

VII.  Defendant's Motion to Dismiss Should Be Granted
      Without Leave to Amend ................................................. 22

VIII. Conclusion ...................................................................... 23

Merced County (
2222 M Street
Merced, CA 95340
(209) 385-7564

Memorandum of Points and Authorities in Support of Motion to Dismiss Second Amended
Complaint

# Table of Authorities

## U. S. Constitution

U.S. Const. amend. IV ......................................................................................11

U.S. Const. amend VIII .....................................................................................12

U.S. Const. amend. IX ......................................................................................11

U.S. Const. amend. XIV ....................................................................................11

## Federal Cases

*Ashcroft v. Iqbal,*
        556 U.S. 662 (2009) ...........................................................8, 9, 17

*Balistreri v. Pacifica Police Dep't,*
        901 F.2d 696 (9th Cir. 1990) ................................................9

*Bell Atlantic Corp. v. Twombly,*
        550 U.S. 544 (2007) .............................................................8

*Blantz v. California Dept. of Corrections & Rehab., Div. of*
        *Correctional Health Care Services,*
        727 F.3d 917 (9th Cir. 2013) ................................................9

*Board of County Commissioners of Bryan County, Oklahoma v.*
        *Brown*, 520 U.S. 397 (1997) ................................................16

*Carrasquilla v. County of Tulare*, No. 1:15-CV-00740-BAM,
        2016 WL 7474520 (E.D. Cal. Dec. 27, 2016) ....................16, 17

*Castro v. County of Los Angeles*,
        833 F.3d 1060 (9th Cir. 2016) ..............................................13

*City of Canton,*
        489 U.S. 378 (1989) .............................................................16

*Connick v. Thompson,*
        563 U.S. 51 (2011) ...............................................................15

*Dougherty v. City of Covina,*
        654 F.3d 892 (9th Cir. 2011) ................................................15

Merced County (
2222 M Street
Merced, CA 95340
(209) 385-7564

Memorandum of Points and Authorities in Support of Motion to Dismiss Second Amended
Complaint

*Farmer v. Bernnan,*
    511 U.S. 825 (1994)...................................................................12

*Fayle v. Stapley,*
    607 F.2d 858 (9th Cir. 1979)....................................................12

*Harper v. City of Los Angeles,*
    533 F.3d 1010 (9th Cir. 2008)..................................................14

*Hearns v. Terhune,*
    413 F.3d 1036 (9th Cir. 2005)..................................................12

*Ivey v. Bd of Regents,*
    673 F.2d 266 (9th Cir. 1982)....................................................12

*Lemire v. Schwarzenegger,* No. 2:08-cv-00455-GEB-EFB,
    2010 WL 430818, at *4 (E.D. Cal. Jan. 28, 2010) ...................12

*McDade v. West,*
    223 F.3d 1135 (9th Cir. 2000)..................................................15

*Menotti v. City of Seattle,*
    409 F.3d 1113 (9th Cir. 2005)..................................................15

*Monell v. New York City Department of Social Services,*
    436 U.S. 658 (1978)..............................................7, 10, 13, 14

*Mosher v. Saalfeld,*
    589 F.2d 438 (9th Cir. 1978)....................................................12

*Nat'l Council of La Raza v. Cegavske,*
    800 F.3d 1032 (9th Cir. 2015)..................................................22

*Pembaur v. City of Cincinnati,*
    475 U.S. 469 (1986)................................................................16

*Plumeau v. Sch. Dist. No. 40 County of Yamhill,*
    130 F.3d 432 (9th Cir. 1997)....................................................15

*Reddy v. Litton Industries, Inc.,*
    912 F.2d 291 (9th Cir. 1990)....................................................22

*Trevino v. Gates*
    99 F.3d 911 (9th Cir. 1996)......................................................15

*Tsao v. Desert Palace, Inc.,*
    698 F.3d 1128 (9th Cir.2012)..................................................14

Merced County C
2222 M Street
Merced, CA 95340
(209) 385-7564

Memorandum of Points and Authorities in Support of Motion to Dismiss Second Amended
Complaint

**Federal Statutes and Rules**

42 U.S.C. § 1983 ........................................................................7, 10, 13, 19

Fed. R. Civ. P. 8(a)(2) ...............................................................................8

Fed. R. Civ. P. 11 .....................................................................................23

Fed. R. Civ. P. 12(b) ..................................................................................8

Fed. R. Civ. P. 12(b)(6) ..........................................................................9, 22


**State Cases**

*Adams v. Sup. Ct (Centinella Freeman Regional Med Ctr.)*
    196 Cal.App.4th 71 (2011) ................................................................10

*Bryant v. Glastetter,*
    32 Cal.App.4th 770 (1995) ................................................................18

*Desplancke v. Wilson,*
    14 Cal.App. 4th 631 (1993) ..............................................................10

*Gutierrez v. Mono Cty. Sheriff's Dep't,* C058201,
    2009 WL 1153277 (2009) .................................................................20

*Jefferson v. Qwik Korner Market, Inc.,*
    28 Cal.App.4th 990 (1994) ................................................................18

*Ladd v. County of San Mateo,*
    12 Cal. 4th 913 (1996).......................................................................18

*Lopez v. Southern Cal. Rapid Transit Dist.,*
    40 Cal.3d 780 (1985) .........................................................................18

*Lowman v. County of Los Angeles,*
    127 Cal.App.3d 613 (1982) ...............................................................19

*Ludwig v. City of San Diego,*
    65 Cal.App.4th 1105 (1998) ..............................................................18

*May v. County of Monterey,*
    139 Cal.App.3d 717 (1983).................................................................19

*Mayo v. White,*
    178 Cal.App.3d 1083 (1986)...............................................................10

Merced County C
2222 M Street
Merced, CA 95340
(209) 385-7564

Memorandum of Points and Authorities in Support of Motion to Dismiss Second Amended
Complaint

*Miklosy v. Regents of the University of California,*
    44 Cal.App.4th 876 (2008) ........................................................18

*Mitchell v. Gonzales,*
    54 Cal.3d 1041 (1991) ...........................................................21

*Noble v. Los Angeles Dodgers, Inc.,*
    168 Cal.App.3d 912 (1993) ...............................................21, 22

*Nola M. v. University of Southern California,*
    16 Cal.App.4th 421 (1993) .....................................................21

*Reed v. City and County of San Francisco,*
    237 Cal. App.2d 23 (1965) ....................................................19

**State Statutes**

Cal. Civ. Proc. Code § 377 ...........................................................10

Cal. Civ. Proc. Code § 377.60 .......................................................10

Cal. Gov't Code § 844.6 ...............................................................19

Cal. Gov't Code § 844.6 (a) ..........................................................19

Cal. Gov't Code § 844.6 (a)(2) ......................................................19

Cal. Gov't Code § 845 ..................................................................20

Cal. Gov't Code § 845.2 ...............................................................20

**Other Authorities**

Rest.2d Torts, § 431 ....................................................................21

Merced County (
2222 M Street
Merced, CA 95340
(209) 385-7564

Memorandum of Points and Authorities in Support of Motion to Dismiss Second Amended
Complaint

# I.

## Introduction

In the third version of the complaint, Plaintiffs purport to allege three claims for relief[1]: 1. By the Estate of Aaron Bonilla by his "personal representative" Tamara Bonilla against the County of Merced ("County") and Sheriff Warnke[2] "under" 42 U.S.C. § 1983; 2. The Estate of Aaron Bonilla by his "personal representative" Tamara Bonilla against the County of Merced ("County") and Sheriff Warnke for custom, policy and/or practice causing Constitutional violations; and, 3. Apparently, by all plaintiffs suing all defendants, including "DOES" for negligence.

Although Plaintiffs have dropped a claim and allegations, they still rely on the same conclusory allegations, ignoring this court's order granting the motion to dismiss the first amended complaint ("1AC"). The second amended complaint ("2AC") still alleges that decedent was an inmate in county custody who was killed by fellow inmates. Plaintiffs still allege a lack of training and classification errors but still fail to allege supportive facts or that any unconstitutional conduct directly leading to the decedent's death. Plaintiffs still fail to allege a *Monell*[3] claim.

The 2AC contains dispositive standing issues, including a failure to allege how Tamara Bonilla was the "Personal Representative" of the estate, though decedent's mother is alleged to be alive; how Tamara has standing to sue as heir if the mother is still alive; and how the representative of the estate can sue for wrongful death at the same time as an heir. Indeed, the complaint alleges a lack of standing since Tamara is not an heir.

---

[1] Plaintiffs use the terms "cause of action" and "claim for relief" interchangeably. For continuity, this motion will just use the term "claim for relief", as plaintiffs so designated the first two claims.
[2] Plaintiffs also spelled the Sheriff's name as "Wernke" on occasion.
[3] *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).

Merced County C
2222 M Street
Merced, CA 95340
(209) 385-7564

As shown in the declaration of Roger S. Matzkind, Ex. A hereto, defendants sought to meet and confer with plaintiffs prior to the filing of this motion. Nothing was resolved, although plaintiffs were not only provided with the bases of the motion, but also provided with decedent's signed classification documents wherein he claimed to be an active Norteno member and agreed to be properly housed with his fellow gang members.

## II.

## Legal Standard for Motion to Dismiss

Fed. R. Civ. P. 12(b) provides, in pertinent part, ". . . a party may assert the following defenses by motion:  (6) failure to state a claim upon which relief can be granted. . . ."

Under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  The complaint must give defendant "fair notice of what the claim is and the grounds upon which it rests." (*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation and modification omitted).)

To meet this requirement, the complaint must be supported by factual allegations.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).)  "While legal conclusions can provide the framework of a complaint," neither legal conclusions nor conclusory statements are themselves sufficient, and such statements are not entitled to a presumption of truth. (*Id.,* at 679.)  *Iqbal* and *Twombly* therefore prescribe a two-step process for evaluation of motions to dismiss.  The court first identifies the non-conclusory factual allegations, and the court then determines whether these allegations, taken as true and construed in the light most favorable to the plaintiff, "plausibly give rise to an entitlement to relief." (*Ibid.*)

Merced County (
2222 M Street
Merced, CA 95340
(209) 385-7564

1　　Plausibility refers to whether the non-conclusory factual allegations, when

2　assumed to be true, allow the court to "draw the reasonable inference that the

3　defendant is liable for the misconduct alleged." (*Iqbal, supra*, 556 U.S. at 678.)

4　"The plausibility standard is not akin to a 'probability requirement,' but it asks

5　for more than a sheer possibility that a defendant has acted unlawfully." (*Ibid.*

6　[quoting *Twombly*, 550 U.S. at 557].) A complaint may fail to show a right to

7　relief either by lacking a cognizable legal theory or by lacking sufficient facts

8　alleged under a cognizable legal theory. (*Balistreri v. Pacifica Police Dep't,* 901

9　F.2d 696, 699 (9th Cir. 1990).)

10　　A pleading "demands more than an unadorned, the-defendant-unlawfully-

11　harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a

12　formulaic recitation of the elements of a cause of action will not do.' Nor does a

13　complaint suffice if it tenders 'naked assertions' devoid of 'further factual

14　enhancement.'" (*Iqbal, supra,* 556 U.S. at 678 [quoting *Twombly*, 550 U.S. at

15　546].) Such is particularly the situation in the case at hand.

16　　*Blantz v. California Dept. of Corrections & Rehab., Div. of Correctional

17　Health Care Services*, 727 F.3d 917 (9th Cir. 2013) is a good example of the

18　requirement for factual assertions to support conclusions. That case affirmed a

19　Fed. R. Civ. P. 12(b)(6) dismissal of Hill, a doctor in a medical facility where:

20　"The only allegations that mention Hill are that, 'on information and belief,' he

21　'direct[ed]' the other defendants to take the actions that form the basis of the

22　complaint." (*Id.* at 926.) Such allegations were held to be insufficient to get past

23　the requirements of *Ashcroft v. Iqbal.* (*Blantz, supra*, 727 F.3d at 927.). *Blantz*

24　further explained: "Although Hill is alleged to have 'directed' the other

25　defendants to take these actions, no factual assertions support this allegation,

26　and the conclusory allegations are insufficient on their own to defeat a motion to

27　dismiss." (*Blantz, supra*, 727 F.3d at 927.) Such is the case here.

28　///

Merced County (
2222 M Street
Merced, CA 95340
(209) 385-7564

9

Memorandum of Points and Authorities in Support of Motion to Dismiss Second Amended
Complaint

**The Complaint Should Be Dismissed:  Plaintiffs Allege They Lack Standing**

Without alleging how she became such, Tamara Bonilla alleges she is the personal representative of the Estate of Aaron Bonilla.  She alleges she is the "sister and heir of Decedent." (Doc 20, 2:19-21).  However, she also alleges that Elizabeth Bonilla is the mother and heir of the decedent.  (Doc 20 at 3: 3-9.)

California law is clear that siblings of a decedent are not eligible to bring an action for wrongful death if a parent of the decedent is alive.  (*Mayo v. White*, 178 Cal.App.3d 1083, 1088-1089 (1986).)  This is the still the case, were the mother to give up her claim to being an heir.  (*Id.*, at 1089-1090.)  This is not changed by the revisions to the California Code of Civil Procedure 377 scheme. (See, e.g., Cal. Code Civ. Proc. 377.60 and *Desplancke v. Wilson*, 14 Cal.App. 4th 631 (1993).)  Thus, Tamara cannot individually bring an action for negligence.[4]

Plaintiff alleges the mother declines to participate.  (Doc 20 at 3:3-6.)  Since Tamara is not an heir, she also could get naught from the litigation.  The representative of the estate brings the action on behalf of the heirs.  (California Code of Civil Procedure 377.60; *Adams v. Sup. Ct (Centinella Freeman Regional Med Ctr.)* 196 Cal.App.4th 71, 77 (2011).)

Moreover, Tamara does not allege she was appointed by any court, instead merely declaring she was somehow anointed the representative of the estate.

IV.

**The First and Second Claims (42 U.S.C. § 1983) Fail to Allege Facts Sufficient to Constitute a Claim Upon Which Relief Can be Granted Against Any Defendant:  The Facts Alleged Do Not Support *Monell* Liability or Any Constitutional Violation**

It is difficult to determine the bases for the first and second claims, though

---

[4] As shown in the motion to dismiss the 1AC, she also lacks standing under 42 U.S.C. § 1983. (Doc 19 at 4:18-24.)

Merced County (
2222 M Street
Merced, CA 95340
(209) 385-7564

each appears to be based on some alleged constitutional violation of the 4th, 9th and 14th Amendments. The heading for the second claim specifically refers to a custom, policy and/or practice.

In this version of the complaint, plaintiffs allege in the first claim for relief, as against the individual defendants, conclusions intended to amount to deliberate indifference. This is the same language held to be insufficient in the 1AC: that they "... ignored or tuned a blind eye to their special legal and professional responsibility to ensure proper classification and housing for DECEDENT, they ignored or failed to ensure his security and to ensure his protection; they failed to follow policies and procedures regarding classification and housing for inmates such as DECEDENT, and were trained and knew or should have known that failure to do so could and/or would lead to the assault, serious injury or even death of DECEDENT" (Doc 20 at 8:2-9.) Plaintiffs further conclude this conduct was pervasive and that Warnke knew his deputies were improperly placing prisoners with violent offenders and gang members.

Plaintiffs allege ten boilerplate "failures" on the part of defendants, such as allowing a policy of noninterventions in beatings and conducting patrols of holding tanks only once ever sixty minutes. (Doc 20 at 4:22-6:6.) Again, plaintiffs fail to allege any facts supporting such conclusory allegations or how different acts or omissions would have made a difference here. Plaintiffs do not allege decedent was not a fellow gang member, housed at his request with his fellow Nortenos. They do not allege facts showing adequate history to support deliberate indifference. They do not allege he was in a holding tank, or how often the cells were patrolled relevant to decedent's murder.

The first claim also alleges Warnke ratified this conduct and "sanctioned a policy of promoting jail beatings and hostilities as well as to have relinquished control of certain mandatory duties and relinquished same to the gangs...." (Doc 20 at 8:21027.) No "mandatory duties" are alleged. No facts are alleged to

1   support the conclusion that beatings were "sanctioned" or any relinquishment.

2       As this court explained in granting the motion to dismiss the 1AC,

3   plaintiffs cannot rely on a theory of *respondeat superior* in seeking to hold

4   supervisory personnel liable in their individual capacity.  Instead, "the causal link

5   between him and the claimed constitutional violation must be specifically alleged.

6   *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589

7   F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the

8   involvement of official personnel in civil rights violations are not sufficient.  *See*

9   *Ivey v. Bd of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)."  (Doc 8 at 6:22-7:4.)

10  There are no plausible allegations here.

11      This court also concluded that plaintiffs Eighth Amendment claim against

12  "DOE" defendants in their individual capacities had not been alleged here.  (Doc

13  19 at 7-9.)  As this court explained in granting the dismissal of the 1AC:

14
15          The failure of prison officials to protect inmates from
16          inmate attacks may violate the Eighth Amendment if: (1)
            plaintiff alleges an "objectively, sufficiently serious"
17          constitutional deprivation, and (2) the prison officials
            acted with deliberate indifference and had a "sufficiently
18          culpable state of mind." *Id.* at 834. "To state an Eighth
            Amendment deliberate indifference claim, Plaintiffs are
19          required to allege that Defendants knew that [plaintiff]
            faced a substantial risk of serious harm and disregarded
20          that risk by failing to take reasonable measures to abate
            it." *Lemire v. Schwarzenegger*, No. 2:08-cv-00455-GEB-
21          EFB, 2010 WL 430818, at *4 (E.D. Cal. Jan. 28, 2010)
22          (citing *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir.
            2005) and quoting *Farmer*, 511 U.S. at 842, with internal
23          quotations omitted). "Deliberate indifference entails
            something more than mere negligence but is satisfied by
24          something less than acts or omissions for the very purpose
            of causing harm or with knowledge that harm will result."
25          *Hearns*, 413 F.3d at 1040 (internal quotations omitted)
26          (citing *Farmer*, 511 U.S. at 835).

27
28  (Doc. 19 at 7:15-26.)

Merced County
2222 M Street
Merced, CA 95340
(209) 385-7564

12
Memorandum of Points and Authorities in Support of Motion to Dismiss Second Amended
Complaint

1    This court spent a good amount of time analyzing plaintiffs' failure to

2    support their conclusory allegations with facts. (Doc 19 at 8.) The same failures

3    exist in the 2AC.

4    Similarly, Plaintiffs fail to allege non-conclusory facts to support a denial of

5    due process claim. Plaintiffs would have to allege facts akin to reckless disregard.

6    (*Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016). They have

7    not done so.

8    As this court notes, by way of example, in granting the motion to dismiss

9    the 1AC, "…plaintiffs have not alleged that the decedent was previously assaulted

10    after deputies failed to adhere to the classification and accommodations system at

11    the Merced County Jail, that he was particularly vulnerable if housed in a

12    particular location, or that there were other reasons why these Doe defendants

13    knew or should have known that the decedent faced a substantial risk of serious

14    harm where he was held before his death." (Doc 19 at 9:1-6.) Plaintiffs do not

15    allege, and, facing Rule 11 exposure, cannot allege, that decedent warned the

16    county employees that he could not be housed with his fellow Nortenos, nor allege

17    that he did not claim to be a Norteno and wanted to be housed with his fellow

18    gang members.

19    **V.**

20    **The Second Claim (42 U.S.C. § 1983) Fails to Allege Facts Sufficient to Constitute**

21    **a Claim Upon Which Relief Can be Granted: The Facts Alleged Do Not Support**

22    *Monell* **Liability**

23    The second claim is brought by the decedent's estate against the County and

24    Sheriff Warnke. At one point, the 2AC alleges that Tamara Bonilla brings the

25    action against the sheriff "in his individual capacity". (Doc 20, 2:10-12.)[5]

26    Plaintiffs dropped their failure to train claim from the 1AC. This time, they seek

27

28

[5] As this court noted, any claim against the sheriff in his official capacity was dismissed as duplicative of the claim against the county. (Doc 19 at, fn 7.)

Merced County (
2222 M Street
Merced, CA 95340
(209) 385-7564

to allege that seven stated customs or practices posed a substantial risk of serious harm to inmates in decedent's situation. The 2AC is constructed as if it borrowed from other cases, but fails to allege any facts showing applicability here. These unsupported conclusions include allegations of custom, policy or practice of improper classifications, placing detainees/inmates in known hostile environments and leaving them in unsupervised situations, failure to provide reasonable security and placing inmates in cells with known hostile, aggressive, violent, predatory and menacing gangs, failure to supervise, investigate and take corrective actions after failures to provide security, assigning deputies with known histories of misconduct, and ratifying wrongful conduct. (Doc 20 at 10:8-11:13.) Indeed, this court has already described the same allegations as insufficient. (Doc 19 at 11: 19-21.)

In *Monell v. New York City Department of Social Services, supra*, 436 U.S. 658, the Supreme Court established that municipal liability under 42 U.S.C. § 1983 cannot be based on a *respondeat superior* doctrine, but must be founded upon evidence that the government unit itself supported a violation of constitutional rights. (*Id.* at 691-695.) Municipal liability attaches only when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." (*Id.* at 694.)

As this court explained previously, Plaintiffs must allege the policy, custom or pattern was "the actionable cause of the claimed injury." (Doc 19, at 9:15-18; citing *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1143 (9th Cir.2012), quoting *Harper v. City of Los Angeles*, 533 F.3d 1010, 1022 (9th Cir. 2008).) Plaintiffs still fail to do so.

In order to establish liability for governmental entities under *Monell*, a plaintiff must prove "(1) that [the plaintiff] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this

Merced County (
2222 M Street
Merced, CA 95340
(209) 385-7564

policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." (*Dougherty v. City of Covina,* 654 F.3d 892, 900 (9th Cir. 2011) [quoting *Plumeau v. Sch. Dist. No. 40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (internal quotation marks and citations omitted].)

"There are three ways to show a policy or custom of a municipality: (1) by showing a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity; (2) by showing that the decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision; or (3) by showing that an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate." (*Menotti v. City of Seattle,* 409 F.3d 1113, 1147 (9th Cir. 2005) [citations and punctuation omitted].)

Aside from conclusory allegations, the 2AC provides no facts to show that the County had a policy or custom that amounts to deliberate indifference, or that the policy or custom was the "moving force" behind the purported constitutional violation.

"A plaintiff cannot demonstrate the existence of a municipal policy or custom based solely on a single occurrence of unconstitutional action by a non-policymaking employee." (*McDade v. West,* 223 F.3d 1135, 1141 (9th Cir. 2000).) "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." (*Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. Cal. 1996).) No facts are alleged to support deliberate indifference or any sort of recklessness.

In *Connick v. Thompson*, 563 U.S. 51, 61 (2011), the Court stated that deliberate indifference "is a stringent standard of fault, requiring proof that a

municipal actor disregarded a known or obvious consequence of his action."
(quoting *Board of County Commissioners of Bryan County, Oklahoma v. Brown*,
520 U.S. 397, 410 (1997).)  A less stringent standard of fault "would result in *de
facto respondeat superior* liability on municipalities." (*Ibid.* [quoting *City of
Canton,* 489 U.S. 378, 392 (1989)].)

Plaintiffs also fail to allege facts to show that the County of Merced, or the
sheriff, made "a deliberate choice to follow a course of action . . . from among
various alternatives." (*Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986).)

In *Carrasquilla v. County of Tulare*, No. 1:15-CV-00740-BAM, 2016 WL
7474520 (E.D. Cal. Dec. 27, 2016), plaintiffs alleged, inter alia, that Tulare
County violated their Constitutional rights by reason of "...deficiencies in Tulare
County's policies, practices and customs related to the housing of protective
custody inmates and detainees charged with child molestation crimes, and the
failure to properly investigate the subject incident and discipline its employee...."
(*Id.*, at *1.)  Plaintiff Carlos Carrasquilla was arrested for child molestation and
put in protective custody due to that crime.  In the protective custody unit, the
inmates and guards would communicate by "kites": notes left on the cell bars.  A
cell mate wrote a kite, claiming he was Mr. Carrasquilla and asked for a
statement of his charges.  A deputy responded in writing, but the note was not
given to the plaintiff.  Two other inmates found out about the charges and
physically attacked the plaintiff, who was then removed from the cell.  (*Id.*, at *6.)
The district court granted summary judgment for the county.  The thrust of the
motion was that the county's policies did not amount to deliberate indifference
and that the housing policies were not the moving force behind the purported
constitutional violation.  (*Id.*, at *10.)

In *Carrasquilla*, the county argued that the attackers only received the
information by trickery; while the plaintiffs argued the county's classification
system allowed gang members, and other serious felons to be co-mingled with

Merced County (
2222 M Street
Merced, CA 95340
(209) 385-7564

those in protective custody. (*Carrasquilla,* 2016 WL 7474520 at *11.) The court found that there was an intervening event following plaintiff's placement in the protective custody unit, i.e., that it was discovered he was a molester. (*Id.,* at *12.) Also, there was no evidence that the placement without the information made the risk of harm substantial. (*Ibid.*) There were also no specific violations of any regulations. (*Ibid.*) Finally, there was no deliberate indifference shown by the classification policies. (*Id.,* at *14.)

While the case at hand does not concern summary judgment, *Carrasquilla* reflects the deficiencies in Plaintiffs' 2AC. It provides no facts to show the County had an official policy of "deliberate indifference", or that the County was the "moving force" behind the purported constitutional violation. A complaint must be supported by factual allegations. (*Ashcroft v. Iqbal, supra,* 556 U.S. at 678.) Conclusory statements are not sufficient, and are not entitled to a presumption of truth. (*Id.* at 679.)

## VI.

### The Third Claim (Negligence) Fails to Allege Facts Sufficient to Constitute a Cause of Action Upon Which Relief Can be Granted Plaintiffs Fail to Allege a Statutory Basis; Fail to Allege Facts Showing Inapplicability of Immunities; Fail to Allege Duty, Breach of Duty and Causation

Based on the heading, Plaintiffs appear to allege the third claim, negligence, against the "DOE" defendants, though the text of the claim refers to all defendants. Though incorporating by reference all previous allegations of the complaint, the specific negligence alleged is that all defendants "breached their duty to assure the competence of Doe Defendants…failed exercise ordinary care under the circumstances herein alleged to evaluate and to assure the competence of Does…and breached their duty of selecting, training, reviewing and periodically evaluating the competency of these individually named deputies."

Merced County (
2222 M Street
Merced, CA 95340
(209) 385-7564

1  This breach allegedly created an "unreasonable risk of harm to persons such as
2  Decedent." (Doc 20 at 12: 18-26.)

3       Common law tort liability against public entities has been abolished.  (See
4  e.g., *Miklosy v. Regents of the University of California*, 44 Cal.App.4th 876, 899
5  (2008).)  Plaintiffs are required to plead a statutory basis for their claim.  (*Ibid.*)
6  Moreover, although negligence normally may be generally pled, such is not the
7  case as against a public entity.  (*Lopez v. Southern Cal. Rapid Transit Dist.*, 40
8  Cal.3d 780, 795 (1985).)  They fail to do so.

9       The elements of a negligence cause of action are: (1) a legal duty to use due
10 care; (2) a breach of that duty; (3) the breach was the proximate or legal cause of
11 the resulting injury; and (4) actual loss or damage resulting from the breach of the
12 duty of care.  (*Ladd v. County of San Mateo,* 12 Cal. 4th 913, 917 (1996).)
13 Plaintiffs fail to allege facts supporting the required element that a breach of duty
14 was a proximate cause of decedent's injuries on the part of County defendants.

15      "Foreseeability is the primary and threshold consideration" in determining
16 the existence of a legal duty, because otherwise "liability for unforeseen and
17 unforeseeable consequences of one's conduct is liability without fault and not
18 negligence liability."  (*Ludwig v. City of San Diego,* 65 Cal.App.4th 1105, 1111
19 (1998).)  "An act must be sufficiently likely before it may be foreseeable in the
20 legal sense. That does not mean simply imaginable or conceivable. Given enough
21 imagination, everything is foreseeable.... If the law imposed a duty to protect
22 against every *conceivable* harm, nothing could function." (*Jefferson v. Qwik
23 Korner Market, Inc.*, 28 Cal.App.4th 990, 996 (1994) [Emphasis in original].)

24      "In order to limit the otherwise potentially infinite liability which would
25 follow every negligent act, the law of torts holds defendant amenable only for
26 injuries to others which to defendant at the time were reasonably foreseeable."
27 (*Bryant v. Glastetter,* 32 Cal.App.4th 770, 778 (1995).)

28

Merced County (
2222 M Street
Merced, CA 95340
(209) 385-7564

Memorandum of Points and Authorities in Support of Motion to Dismiss Second Amended
Complaint

1    Plaintiffs allege that County defendants "breached their duty of selecting,

2    training, reviewing and periodically evaluating the competency of these

3    individually named deputies. This breach of duty of careful selection, training,

4    review and periodic evaluation of the competency of such custody deputies created

5    an unreasonable risk of harm to persons such as DECDENT [sic]." (Doc. 5, 16:5-

6    9.) However, Plaintiffs fail to identify any specific deficiencies in the selection,

7    training, or evaluation of Merced County deputies. Plaintiffs' conclusory

8    allegations of general negligence do not establish a breach of duty.

9    Again, Plaintiffs failed to allege non-conclusory facts to support the

10   allegations. On the other hand, they allege the facts supporting the statutory

11   immunity provided by California Government Code section 844.6(a)(2).

12   In granting the motion to dismiss the negligence claim in the 1AC, this

13   court concluded that Plaintiffs had failed to respond to the immunity provided by

14   Government Code section 844.6(a)(2). (Doc 22 at 15:1-14.) California Government

15   Code section 844.6 (a) provides that a public entity "is not liable for is not liable

16   for: (1) An injury proximately caused by any prisoner. (2) An injury to any

17   prisoner." (Quoted in linear format.) Again, the 2AC alleges injury to a prisoner,

18   by prisoners.

19   "Section 844.6 is part of a comprehensive statute dealing with

20   governmental tort liability…. The statute being constitutional respondent's

21   demurrer was properly sustained." (*Reed v. City and County of San Francisco*,

22   237 Cal. App.2d 23, 24-25 (1965) [internal citations omitted].)

23   "[S]ection 844.6 precludes actions against public entities for the

24   wrongful death of prisoners regardless of the underlying theory of liability." (*May

25   v. County of Monterey,* 139 Cal.App.3d 717, 721 (1983). [*See also Lowman v.

26   County of Los Angeles,* 127 Cal.App.3d 613, 616 (1982) (holding that Section

27   844.6 granted public entities immunity from liability for prisoner's

28   wrongful death.].)

Merced County (
2222 M Street
Merced, CA 95340
(209) 385-7564

19

Memorandum of Points and Authorities in Support of Motion to Dismiss Second Amended
Complaint

1  "A sheriff enjoys broad immunity from suit and may be held liable only

2  upon proof of narrowly focused, specific factual allegations regarding misconduct

3  outside the immunity generally afforded to that office." (*Gutierrez v. Mono Cty.*

4  *Sheriff's Dep't,* 2009 WL 1153277, at *3 (2009).)

5  Plaintiffs have also alleged circumstances showing the applicability of

6  other state immunities.  California Government Code section 845.2 provides:

7  "…neither a public entity nor a public employee is liable for failure to provide a

8  prison, jail or penal or correctional facility or, if such facility is provided, for

9  failure to provide sufficient equipment, personnel or facilities therein."[6]  Thus, the

10  County defendants are immune from state based liability as to any complaints

11  pertaining to the facility itself.

12  California Government Code section 845 provides, in part:  "Neither a

13  public entity nor a public employee is liable for failure to establish a police

14  department or otherwise to provide police protection service or, if police protection

15  service is provided, for failure to provide sufficient police protection service."

16  The Law Revision Committee Comments for sections 845 and 845.2 explain

17  that the purpose of the statutes is to respect "…the political decisions which are

18  committed to the policy-making officials of government."  Thus, the County

19  defendants are immune from liability based on the discretionary decisions

20  pertaining to the extent of protection provided by the physical plant and

21  assignment of correctional officers.

22  As with the 1AC, Plaintiffs again fail to allege non-conclusory facts of

23  negligence by the sheriff or "Doe" defendants.  For example, they do not allege

24  decedent said he was not a Norteno and should not be housed with this gang.

25  Further, Plaintiffs conclusory allegations support that there was no

26  causation were there to have been negligence. "Under section 430 of the

27  Restatement Second of Torts, '[i]n order that a negligent actor shall be liable for

28

---

[6] The omitted exception, pertaining to dangerous condition of public property, does not apply.

Memorandum of Points and Authorities in Support of Motion to Dismiss Second Amended
Complaint

Merced County (
2222 M Street
Merced, CA 95340
(209) 385-7564

another's harm, it is necessary not only that the actor's conduct be negligent toward the other, but also that the negligence of the actor be a legal cause of the other's harm.' 'Legal cause' exists if the actor's conduct is a 'substantial factor' in bringing about the harm and there is no rule of law relieving the actor from liability." (*Nola M. v. University of Southern California,* 16 Cal.App.4th 421,427 (1993), citing Rest.2d Torts, § 431; *Mitchell v. Gonzales,* 54 Cal.3d 1041, 1052 (1991).)

Here, the "substantial factor" was the decedent's beating by fellow inmates, not an act or omission by County defendants. Further, as shown above, there are rules of law which relieve County defendants from liability.

In *Noble v. Los Angeles Dodgers, Inc.,* 168 Cal.App.3d 912 (1993), a husband and wife attended a night baseball game at Dodger Stadium. As they returned to their car at the end of the game, the husband was injured when he came to the aid of another man who had been attacked by two drunks. The Nobles sued the owner of the stadium for damages and won. The Court of Appeal reversed, finding the evidence insufficient to establish causation.

The court stated, "In the case at bench the direct cause of each plaintiff's injury was the conduct of the person ... who struck [plaintiff]. Plaintiffs do not contend that the Dodgers had actual advance knowledge of the conduct of the assailants or of their presence in the parking lot. Plaintiffs' theory is purely and simply that the Dodgers were negligent in failing to effectively *deter* any and everyone from acting in such a manner." (*Noble v. Los Angeles Dodgers, Inc., supra,* 168 Cal.App.3d at 916-917 [emphasis in original].)

The court further stated, "The present case is a classic example of a plaintiff establishing what could be described as abstract negligence, in the context that the Dodgers' security didn't comport with plaintiffs expert's or the jury's notion of 'adequacy,' but failing to prove any causal connection between that

Merced County (
2222 M Street
Merced, CA 95340
(209) 385-7564

1  negligence and the injury." (*Noble v. Los Angeles Dodgers, Inc., supra,* 168
2  Cal.App.3d at p. 918, fn. omitted.)

3        Here, like *Noble,* Plaintiffs attempt to establish "abstract negligence" fails
4  to allege sufficient facts to connect any purported negligence to the injury.  The
5  "direct cause" of the decedent's injuries was the conduct of the other inmates who
6  beat him.

7        Plaintiffs fail to plead statutory liability; fail to plead the cause of action
8  lies outside the statutory immunity, and fail to plead sufficient facts to establish
9  duty, breach, and causation.  The immunities apply and the motion to dismiss
10  should be granted without leave to amend.

## VII.

### Defendant's Motion to Dismiss Should Be Granted Without Leave to Amend

13        The court has discretion to dismiss without leave to amend when
14  amendment may be futile.  (See e.g., *Nat'l Council of La Raza v. Cegavske*, 800
15  F.3d 1032, 1045 (9th Cir. 2015).)

16        In *Reddy v. Litton Industries, Inc.,* 912 F.2d 291 (9th Cir. 1990), the Ninth
17  Circuit affirmed the denial of leave to amend after a Fed. R. Civ. P. 12(b)(6)
18  dismissal where the plaintiff alleged he was terminated for refusing to participate
19  in a cover up of bribes.  (*Id.*, at 292-293.)  The appellate court held it is not an
20  abuse of discretion to refuse leave to amend when it would be futile to do so.  (*Id.*,
21  at 296.)  There, it would have been futile because:

> It would not be possible for Reddy to amend his
> complaint to allege a completely new injury that would
> confer standing to sue without contradicting any of the
> allegations of his original complaint. Although leave to
> amend should be liberally granted, the amended
> complaint may only allege other facts consistent with
> the challenged pleading.

(*Id.*, at 296-297.  [Internal quote and citation omitted for readability].)

Merced County (
2222 M Street
Merced, CA 95340
(209) 385-7564

22
Memorandum of Points and Authorities in Support of Motion to Dismiss Second Amended
Complaint

1   Moreover, Plaintiffs cannot allege around the legal reality that they lack

2   standing.

3                                        VIII.

4                                     Conclusion

5      This is the third version of the complaint.  Plaintiffs continue to artfully avoid

6   setting forth allegations to support their boilerplate conclusions of wrongdoing.

7   Potentially facing Fed. R. Civ. P. 11 sanctions, they steadfastly avoid alleging that

8   the decedent was in fact a Norteno, appropriately housed with his fellow gang

9   members with his consent.  Plaintiffs do not allege that decedent told defendants

10  or their employees that there was a "hit" out on him.  There are no allegations of a

11  pattern, recklessness or deliberate indifference.  There are no specific, non-

12  conclusory allegations supporting negligence or causation.

13     Preliminarily, however, Plaintiffs allege facts showing a lack of standing.  By

14  alleging decedent's mother is alive, and that she is only a sister, Tamara Bonilla

15  alleges she is not an heir and cannot sue for negligence.  She concludes, with no

16  allegation of authority, that she is the representative of the estate of the decedent.

17  Even so, the only heir is the mother who wants no part of this case.  There is no

18  proper plaintiff here.

19     Preliminary to the filing of this motion, and consistent with this court's

20  standing order, movant advised Plaintiffs' counsel of the bases for this motion.

21  Counsel was also provided portions of decedent's booking documents whereby he

22  declared he was an active Norteno gang member and had been such since he was

23  15 years of age.  The effects of this were discussed with counsel.  Plaintiffs'

24  counsel never responded to any of the bases for this motion, as set forth in emails,

25  including in a telephone conversation of April 29, 2019.  (Matzkind Dec., Ex. A.)

26     As Plaintiffs are aware from decedent's own handwriting, decedent

27  declared himself to be an active Norteno, and that he had been such since he was

28  15 years of age.  This is highly relevant to the issue of whether or not Plaintiffs

Merced County (
2222 M Street
Merced, CA 95340
(209) 385-7564

23
Memorandum of Points and Authorities in Support of Motion to Dismiss Second Amended
Complaint

1  could allege a cause of action if permitted to amend.  They would have to allege,

2  among many other things, the contrary scenario.  Plaintiffs again fail to allege

3  required elements of the claims.  The motion should be granted and leave to

4  amend should be denied.

5  Dated: May 1, 2019                              James N. Fincher
6                                                  Merced County Counsel

7                                    By:    /s/ Roger S. Matzkind
8                                           Roger S. Matzkind
9                                           Chief Civil Litigator
                                            Attorneys for Defendant County of
10                                          Merced and Sheriff Vernon Warnke

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Merced County (
2222 M Street
Merced, CA 95340
(209) 385-7564