Exhibit A

James N. Fincher, SBN 196837
Merced County Counsel
Roger S. Matzkind, SBN 77331
Chief Civil Litigator
2222 M Street, Room 309
Merced, CA 95340
Tel: (209) 385-7564
Fax: (209) 726-1337
rmatzkind@co.merced.ca.us

Attorney for Defendants County of Merced, County of Merced Sheriff's Department, and Sheriff Vernon H. Warnke

United States District Court

Eastern District of California, Fresno Division

| | |
|---|---|
| Estate of Aaron Bonilla by and through his personal representative Tamara Bonilla and Tamara Bonilla, individually,<br><br>Plaintiffs,<br><br>v.<br><br>County of Merced; Sheriff Vernon H. Warnke, Elizabeth Bonilla and Does 1 through 50, inclusive,<br><br>Defendants. | Case No. 1:18-cv-0329-DAD-SKO<br><br>**Declaration of Roger S. Matzkind** |

I, Roger S. Matzkind, declare as follows:

1. I am an attorney at law duly licensed and admitted to practice before all of the courts of the State of California, the United States District Courts for the Eastern, Central and Northern Districts of California, the Ninth Circuit and U.S. Supreme Court. I am the Chief Civil Litigator for the County of Merced, Office of the County Counsel, attorneys for the County of Merced.

2. Unless otherwise stated, all matters stated herein are based upon my personal knowledge, and if called upon, I could and would testify competently as to their veracity. Those matters stated to be based upon my information and beliefs are believed by me to be true.

3. Consistent with this court's standing order requiring counsel to Meet and Confer prior to the filing of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), on April 22, 2019, I emailed Plaintiffs' counsel regarding what I believed to be defects in the Second Amended Complaint. A copy of the email is attached hereto as Ex. 1. A few minutes later, Mr. Stefano Formica called me to discuss the case. He indicated he would get back to me.

4. On April 26th, I again emailed Plaintiffs' counsel and advised them again that bases for the motion would be a lack of standing and failure to allege non-conclusory facts sufficient to state a cause of action. A copy of the email is attached hereto as Ex. 2. On Saturday, April 27th, Mr. Formica emailed me and asked to discuss the case on Monday.

5. On Monday, April 29th, I emailed Mr. Formica and advised that I had just left a voice mail for him. On April 29, 2019, I sent two more emails to Plaintiffs' counsel regarding issues of the Second Amended Complaint and my intended motion to dismiss. Stefano Formica called and spoke with me about the case, but did not respond to any of the bases of the motion. I asked him to do so, as I had to reference attempts to meet and confer in my motion. I have not heard back from counsel.

6. Incidental to the discussions, I emailed Plaintiffs' counsel (again) copies of the decedent's signed classification documents wherein he claimed to be an active Norteno member, that he had been such since he was 15, and that he agreed to be properly housed with his fellow gang members. Mr. Formica and I specifically discussed these records.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. Executed at Merced, California, on May 1, 2019.

/s/ Roger S. Matzkind
Roger S. Matzkind

Exhibit 1

# Powell, Stefanie

| | |
|---|---|
| **From:** | Matzkind, Roger |
| **Sent:** | Monday, April 22, 2019 2:42 PM |
| **To:** | 'Siamak Vaziri' |
| **Cc:** | 'Stefano Formica'; 'bzang@vazirilaw.com'; Powell, Stefanie |
| **Subject:** | Bonilla v. Merced County, et al |
| **Attachments:** | 80228.pdf |

Gentlemen:

I am reviewing your Second Amended Complaint ("2AC"), and expect to again move to dismiss. I will provide the bases for the motion in the near future. However, I again want to give you the chance to remove certain allegations which I believe are so far beyond contest that you should remove them at this time. Specifically, I refer to your allegations regarding housing. In my email to you nearly a year ago (please see below), I provided Bonilla's classification documents where he signed that he was an active member of the Nortenos. He advises that he was in good standing and had been a member since he was 15. He concurred that he would be housed with the Nortenos. Had he advised of any risk, he would not have been so housed. I again attach the classification documents.

We have always gotten along well, and therefore, I respectfully caution you regarding the provisions of Rule 11.

Additionally, the 2AD alleges that Tamara Bonilla is the personal representative of the Estate of Aaron Bonilla . However, we have not found any such appointment in the Merced Superior Court. Please provide some documentation of the appointment or law that such is not necessary.

Thank you,

Roger

Roger S. Matzkind
Chief Civil Litigator
Office of Merced County Counsel
2222 M Street, Room 309
Merced, CA 95340
(209)385-7564

Confidentiality Notice: This electronic mail transmission may contain privileged and/or confidential information only for use by the intended recipient(s). Any usage, distribution, copying or disclosure by any other person, other than the intended recipient is strictly prohibited and may be subject to civil action and/or criminal penalties. If you received this transmission in error, please notify the sender by reply email or by telephone and delete the transmission.

**From:** Matzkind, Roger
**Sent:** Friday, May 04, 2018 4:07 PM
**To:** 'Siamak Vaziri' <svaziri@vazirilaw.com>
**Cc:** Stefano Formica <sformica@vazirilaw.com>; bzang@vazirilaw.com
**Subject:** RE: Bonilla v. Merced County, et al

Gentlemen:
We have not had the opportunity to speak regarding the bases for my motions which I will file next week. I am not sure of you intend to allege a cause of action under 42 USC 1983, or the amendment such a claim would be based upon for Tamara Bonilla, individually. As part of the required meet and confer, I anticipate moving to dismiss any such claim based on 42 USC 1983. Aside from the other issues, I believe she lacks standing. (See e.g., *Murphy v. County of*

1

*Mendocino*, 2016 WL 794458 and *Ward v. City of San Jose*, 967 F.2d 280, 283-84 (9th cir. 1991), as amended on denial of reh'g (June 16, 1992).)

Please get back to me regarding you positions as I have to report to Judge Drozd re: the meet and confer in the motions. The Eastern District is very busy so we want to eliminate as many issues as possible.
Thanks,
Roger

Roger S. Matzkind
Chief Civil Litigator
Office of Merced County Counsel
2222 M Street, Room 309
Merced, CA 95340
(209)385-7564

Confidentiality Notice: This electronic mail transmission may contain privileged and/or confidential information only for use by the intended recipient(s). Any usage, distribution, copying or disclosure by any other person, other than the intended recipient is strictly prohibited and may be subject to civil action and/or criminal penalties. If you received this transmission in error, please notify the sender by reply email or by telephone and delete the transmission.

**From:** Siamak Vaziri [mailto:svaziri@vazirilaw.com]
**Sent:** Thursday, May 03, 2018 5:59 PM
**To:** Matzkind, Roger <RMatzkind@co.merced.ca.us>
**Cc:** Stefano Formica <sformica@vazirilaw.com>; bzang@vazirilaw.com
**Subject:** Re: Bonilla v. Merced County, et al

Thank you Roger. I have ccd Stefano and Ben to further discuss. I believe Stefano is available tomorrow. Thx

Sent from my iPhone

On May 3, 2018, at 5:32 PM, Matzkind, Roger <RMatzkind@co.merced.ca.us> wrote:

> Siamak,
> It was a pleasure speaking with you today about the above.
>
> Judge Drozd's standing order requires a "meet and confer" prior to the filing of motions. These are the main points for a FRCP 12(b)(6) and/or related motions:
> - You named Warnke as an individual defendant, but also have factual allegations that may imply you are suing him in his official capacity. If not, please so advise. If you are suing him in his official capacity, then that is redundant with suing the county and he should be dismissed. (See, e.g., *Luke v. Abbott*, 954 F.Supp. 202 (C.D. Cal. 1997).
> - The Sheriff's Department does not exist as a separate entity from the county, is not a person, and cannot be a defendant. (See e.g., *Garcia v. City of Merced, et al*, 2009 U.S. Dist. LEXIS 88277 (E.D. Cal. 2009); *Vance v. County of Santa Clara*, 928 F.Supp. 993 (N.D. Cal. 1996).) The department should be dismissed.
> - It seems the only state based cause of action (4th) is styled "Negligence". You are required to plead around any immunities and state a statutory basis. (See e.g., *Keyes v. Santa Clara Valley Water Dist.*, 128 Cal.App.3d 882 (1992).) The FAC alleges injury to a prisoner by a prisoner. The County and its employees are immune. (See e.g., Gov. Code §845 and 845.2.)
> - As often happens with an early version of a pleading, the FAC alleges matters clearly not applicable to the case. For example, you allege assigning deputies with known histories of misconduct (FAC 10:9-12) and using excessive force on inmates (FAC 11: 23) Surplusage should be dismissed.

- Federal court requires factual allegations to support conclusions. (E.g., *Twombley*). The complaint is conclusory and fails to allege such facts supporting deliberate indifference and causation.

As I told you, the decedent wanted to be housed with the Nortenos, his gang. Not to do so could cause problems and create risks. As I understand the facts, the decedent was killed, on orders of his cousin, because he would not keester in contraband to his fellow gang members. A copy of his classification and portions of his booking documents for this booking are attached as a professional courtesy. It is certainly up to you, but you may want to consider not proceeding with the case. I also understand that the decedent's sister, his only relative in California, had no contact with him.

We handle all litigation in house.

I will need to file my motion(s) NLT May 8 if you keep the current version of the complaint. However, I believe we can stipulate to give you time to amend and/or to permit me more time to answer if you need to investigate further.

Please ask Stefano to call me tomorrow.

Thank you,
Roger

Roger S. Matzkind
Chief Civil Litigator
Office of Merced County Counsel
2222 M Street, Room 309
Merced, CA 95340
(209)385-7564

Confidentiality Notice: This electronic mail transmission may contain privileged and/or confidential information only for use by the intended recipient(s). Any usage, distribution, copying or disclosure by any other person, other than the intended recipient is strictly prohibited and may be subject to civil action and/or criminal penalties. If you received this transmission in error, please notify the sender by reply email or by telephone and delete the transmission.

&lt;Classification Assessment.pdf&gt;

&lt;80228.pdf&gt;




# MERCED COUNTY SHERIFF'S OFFICE
## CORRECTIONS DIVISION
### CLASSIFICATION INVESTIGATIONS UNIT

Classification Inmate Notice

Inmate Name: **AARON BONILLA**   Date: **6/10/17**

Active Gang Member: **NORTENO**

1. How long have you been active? Are you in good standing?
   SINCE 15 Y.O., YES-ALL

2. Are you a part of a specific set/hood? Specify.
   LOS BANOS

3. Any AKA's? Tattoos?
   PICTURES OF TATTOOS / DENIES ANY GANG AFFILIATED

4. Any known enemies in custody that you're aware of?
   NONE

5. Do you understand the different housing options? Yes

6. Are you familiar with Active housing? Yes

7. What prisons have you been at/ what yard did you house?
   FULSOM - GP, D BUILDING

I concur with this housing assignment

*Aaron Bonilla*
Inmate Signature

HOWELL 5329
Officer's Signature

| CLASSIFICATION | HOUSING |
|---|---|
| NORTENO | 3 BLOCK CELL 4 |

6/10/17
Date



# Inmate Notice

## BONILLA, AARON JOSEPH

**Print Date/Time:** 06/10/2017 08:09
**Login ID:** co\sh0394

MERCED COUNTY SHERIFF'S OFFICE
**ORI Number:** CA0240000

You have been placed in the following classification: **M/J NORTENO** by the Classification Department. This classification is determined by: current/past convictions; current/past institutional behavior; pending charges or holds in other jurisdictions (if any); unsentenced/sentenced status, and/or any other information that may be deemed appropriate with regard to your personal security or the security of the facility. Your classification may change when charges are altered or reduced; you are sentenced; due to administrative hearings; due to regular periodic review; program participation; and/or other reasons recommended by the jail staff.

Appeal process: Any inmate who so desires may appeal his/her classification (in writing) in any of the three basic areas (security level, housing assignment or programs) within ten (10) days of the primary classification or reclassification by addressing the appeal to:

**CLASSIFICATION DEPARTMENT - APPEAL OF CLASSIFICATION**

Officer: HOWELL 5329        Date: 6/10/17

Inmate: Aaron Bonilla       Date: 6-10-17

Exhibit 2

# Powell, Stefanie

| | |
|---|---|
| **From:** | Matzkind, Roger |
| **Sent:** | Friday, April 26, 2019 5:05 PM |
| **To:** | 'Siamak Vaziri' |
| **Cc:** | 'Stefano Formica'; 'bzang@vazirilaw.com'; Powell, Stefanie |
| **Subject:** | RE: Bonilla v. Merced County, et al |

Gentlemen:
Kindly advise NLT Monday morning as to whether or not you will dismiss. A 12(b)(6) will be based on lack of standing and failure to allege sufficient non-conclusory facts to state a cause of action.
Thank you,
Roger

Roger S. Matzkind
Chief Civil Litigator
Office of Merced County Counsel
2222 M Street, Room 309
Merced, CA 95340
(209)385-7564

Confidentiality Notice: This electronic mail transmission may contain privileged and/or confidential information only for use by the intended recipient(s). Any usage, distribution, copying or disclosure by any other person, other than the intended recipient is strictly prohibited and may be subject to civil action and/or criminal penalties. If you received this transmission in error, please notify the sender by reply email or by telephone and delete the transmission.

**From:** Matzkind, Roger
**Sent:** Monday, April 22, 2019 2:42 PM
**To:** 'Siamak Vaziri' <svaziri@vazirilaw.com>
**Cc:** 'Stefano Formica' <sformica@vazirilaw.com>; 'bzang@vazirilaw.com' <bzang@vazirilaw.com>; Powell, Stefanie <Stefanie.Powell@countyofmerced.com>
**Subject:** Bonilla v. Merced County, et al

Gentlemen:
I am reviewing your Second Amended Complaint ("2AC"), and expect to again move to dismiss. I will provide the bases for the motion in the near future. However, I again want to give you the chance to remove certain allegations which I believe are so far beyond contest that you should remove them at this time. Specifically, I refer to your allegations regarding housing. In my email to you nearly a year ago (please see below), I provided Bonilla's classification documents where he signed that he was an active member of the Nortenos. He advises that he was in good standing and had been a member since he was 15. He concurred that he would be housed with the Nortenos. Had he advised of any risk, he would not have been so housed. I again attach the classification documents.

We have always gotten along well, and therefore, I respectfully caution you regarding the provisions of Rule 11.

Additionally, the 2AD alleges that Tamara Bonilla is the personal representative of the Estate of Aaron Bonilla . However, we have not found any such appointment in the Merced Superior Court. Please provide some documentation of the appointment or law that such is not necessary.

Thank you,

Roger

1

Roger S. Matzkind
Chief Civil Litigator
Office of Merced County Counsel
2222 M Street, Room 309
Merced, CA 95340
(209)385-7564

Confidentiality Notice: This electronic mail transmission may contain privileged and/or confidential information only for use by the intended recipient(s). Any usage, distribution, copying or disclosure by any other person, other than the intended recipient is strictly prohibited and may be subject to civil action and/or criminal penalties. If you received this transmission in error, please notify the sender by reply email or by telephone and delete the transmission.

**From:** Matzkind, Roger
**Sent:** Friday, May 04, 2018 4:07 PM
**To:** 'Siamak Vaziri'
**Cc:** Stefano Formica ; bzang@vazirilaw.com
**Subject:** RE: Bonilla v. Merced County, et al

Gentlemen:
We have not had the opportunity to speak regarding the bases for my motions which I will file next week. I am not sure of you intend to allege a cause of action under 42 USC 1983, or the amendment such a claim would be based upon for Tamara Bonilla, individually. As part of the required meet and confer, I anticipate moving to dismiss any such claim based on 42 USC 1983. Aside from the other issues, I believe she lacks standing. (See e.g., *Murphy v. County of Mendocino*, 2016 WL 794458 and *Ward v. City of San Jose*, 967 F.2d 280, 283-84 (9th cir. 1991), as amended on denial of reh'g (June 16, 1992).)

Please get back to me regarding you positions as I have to report to Judge Drozd re: the meet and confer in the motions. The Eastern District is very busy so we want to eliminate as many issues as possible.
Thanks,
Roger

Roger S. Matzkind
Chief Civil Litigator
Office of Merced County Counsel
2222 M Street, Room 309
Merced, CA 95340
(209)385-7564

Confidentiality Notice: This electronic mail transmission may contain privileged and/or confidential information only for use by the intended recipient(s). Any usage, distribution, copying or disclosure by any other person, other than the intended recipient is strictly prohibited and may be subject to civil action and/or criminal penalties. If you received this transmission in error, please notify the sender by reply email or by telephone and delete the transmission.

**From:** Siamak Vaziri [mailto:svaziri@vazirilaw.com]
**Sent:** Thursday, May 03, 2018 5:59 PM
**To:** Matzkind, Roger <RMatzkind@co.merced.ca.us>
**Cc:** Stefano Formica <sformica@vazirilaw.com>; bzang@vazirilaw.com
**Subject:** Re: Bonilla v. Merced County, et al

Thank you Roger. I have ccd Stefano and Ben to further discuss. I believe Stefano is available tomorrow. Thx

Sent from my iPhone

On May 3, 2018, at 5:32 PM, Matzkind, Roger <RMatzkind@co.merced.ca.us> wrote:

Siamak,
It was a pleasure speaking with you today about the above.

Judge Drozd's standing order requires a "meet and confer" prior to the filing of motions. These are the main points for a FRCP 12(b)(6) and/or related motions:
- You named Warnke as an individual defendant, but also have factual allegations that may imply you are suing him in his official capacity. If not, please so advise. If you are suing him in his official capacity, then that is redundant with suing the county and he should be dismissed. (See, e.g., *Luke v. Abbott*, 954 F.Supp. 202 (C.D. Cal. 1997).
- The Sheriff's Department does not exist as a separate entity from the county, is not a person, and cannot be a defendant. (See e.g., *Garcia v. City of Merced, et al*, 2009 U.S. Dist. LEXIS 88277 (E.D. Cal. 2009); *Vance v. County of Santa Clara*, 928 F.Supp. 993 (N.D. Cal. 1996).) The department should be dismissed.
- It seems the only state based cause of action (4th) is styled "Negligence". You are required to plead around any immunities and state a statutory basis. (See e.g., *Keyes v. Santa Clara Valley Water Dist.*, 128 Cal.App.3d 882 (1992).) The FAC alleges injury to a prisoner by a prisoner. The County and its employees are immune. (See e.g., Gov. Code §845 and 845.2.)
- As often happens with an early version of a pleading, the FAC alleges matters clearly not applicable to the case. For example, you allege assigning deputies with known histories of misconduct (FAC 10:9-12) and using excessive force on inmates (FAC 11: 23) Surplusage should be dismissed.
- Federal court requires factual allegations to support conclusions. (E.g., *Twombley*). The complaint is conclusory and fails to allege such facts supporting deliberate indifference and causation.

As I told you, the decedent wanted to be housed with the Nortenos, his gang. Not to do so could cause problems and create risks. As I understand the facts, the decedent was killed, on orders of his cousin, because he would not keester in contraband to his fellow gang members. A copy of his classification and portions of his booking documents for this booking are attached as a professional courtesy. It is certainly up to you, but you may want to consider not proceeding with the case. I also understand that the decedent's sister, his only relative in California, had no contact with him.

We handle all litigation in house.

I will need to file my motion(s) NLT May 8 if you keep the current version of the complaint. However, I believe we can stipulate to give you time to amend and/or to permit me more time to answer if you need to investigate further.

Please ask Stefano to call me tomorrow.

Thank you,
Roger

Roger S. Matzkind
Chief Civil Litigator
Office of Merced County Counsel
2222 M Street, Room 309
Merced, CA 95340
(209)385-7564

Confidentiality Notice: This electronic mail transmission may contain privileged and/or confidential information only for use by the intended recipient(s). Any usage, distribution, copying or disclosure by any other person, other than the intended recipient is strictly prohibited and may be subject to civil action and/or criminal penalties. If you received this transmission in error, please notify the sender by reply email or by telephone and delete the transmission.